JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Maria Shadrovov, was indicted in April 1997 for one count of theft and one count of burglary. In exchange for a guilty plea to the charge of burglary, the state agreed to dismiss the charge of theft. On February 8, 1999, Shadrovov, after a duly filed jury waiver, entered a guilty plea. Prior to sentencing by the trial court on March 1, 1999, the trial court once again engaged Shadrovov in the Crim.R. 11 colloquy, because the court wanted to ensure that Shadrovov, who did not speak English, fully understood the waiver of her constitutional rights. Subsequently, Shadrovov again entered a guilty plea, and the trial court sentenced her to four years' incarceration.
In Shadrovov's first assignment of error, she claims that her plea was not voluntary, intelligent, and knowing because she, as a non-English speaker who required a translator at the hearings, did not understand the nature of the plea and the potential sentence. Since there was no motion made to withdraw the plea, either before or after sentencing, we cannot review this assignment of error under the traditional abuse-of-discretion standard set forth by the Supreme Court of Ohio in State v. Xie
(1992), 62 Ohio St.3d 521, 584 N.E.2d 715. Instead, we review the assignment of error pursuant to the plain-error standard of review imposed by Crim.R. 52(B), which allows this court to recognize errors affecting substantial rights that were not brought to the attention of the trial court.
It is apparent from the record that Shadrovov's constitutional rights were protected:(1) she was represented by counsel during both the plea and the sentencing hearings; (2) the trial court held two separate Crim.R. 11 hearings to ensure that Shadrovov understood her rights; (3) an interpreter was provided for Shadrovov during all hearings; and (4) Shadrovov acknowledged that she understood the nature of a guilty plea and the potential penalties prior to the guilty finding by the court. Although Shadrovov was surprised that she received a longer sentence than a co-defendant, that does not mean that Shadrovov did not understand the rights she waived when she entered her plea of guilty. Because we find no plain error pertaining to the Crim.R. 11 hearings and Shadrovov's guilty plea, we overrule the first assignment of error.
Shadrovov claims, in her second assignment of error, that she was denied effective assistance of counsel. In order to demonstrate that she was denied effective assistance of counsel, Shadrovov must show that, but for counsel's unprofessional errors, the outcome of the trial would have been different. See State v. Stojetz (1999),84 Ohio St.3d 452, 705 N.E.2d 329, citingStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. Shadrovov has failed to support her ineffective-assistance-of-counsel claim.
Shadrovov has failed to demonstrate how counsel's performance in the plea hearings was both unprofessional and outcome-determinative. Furthermore, counsel's failure to call mitigation witnesses prior to sentencing did not change the outcome of this case. It is important to note that Shadrovov's trial counsel, Gregory Cohen, went above and beyond what is normally expected of a court-appointed attorney. In fact, Mr. Cohen went to great lengths to explain to the court the historical background of Shadrovov's Romany culture and its impact upon her theft offense. The depth of knowledge displayed by Mr. Cohen regarding Shadrovov's background is uncharacteristic of appointed attorneys and is commended by this court. Because Shadrovov has failed to meet the required test for ineffective assistance of counsel, we overrule the second assignment of error.
In her third assignment of error, Shadrovov claims that the trial court abused its discretion when it imposed a four-year sentence. As long as the trial court followed the sentencing guidelines, R.C. 2929.11 through 2929.19, the trial court properly imposed any sentence within the range provided for the felony offense committed by Shadrovov. See State v. Mushrush
(June 18, 1999), Hamilton App. No. C-980658, unreported. We hold that the trial court made the requisite findings and imposed a sentence well within the range available for a third-degree felony. Therefore, we overrule Shadrovov's third assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.