OPINION
On November 17, 2000, George T. Carr, Jr., was indicted on one count of felonious assault and one count of endangering children. The indictment alleged that Mr. Carr had done serious physical harm to his infant daughter Amelia Carr.
Mr. Carr entered a plea of "not guilty" at arraignment and counsel was appointed to represent him.
Counsel requested a bill of particulars and pursued discovery. The state of Ohio demanded reciprocal discovery.
The case was originally set for trial on January 24, 2001, but was continued at the request of Mr. Carr and his attorney so additional investigation and trial preparation could be pursued. About this time, Mr. Carr began sending letters to the trial judge. This, combined with other conduct by Mr. Carr, led to his defense counsel requesting a psychiatric examination. The examination was intended both to evaluate Mr. Carr's competence to stand trial and his sanity at the time of the alleged offenses.
The trial judge conducted a hearing on the issue of Mr. Carr's competence and found him competent to stand trial.
On May 15, 2001, Mr. Carr entered a plea of "no contest" to the charge of endangering children. As a part of the plea bargain, the felonious assault charge was dismissed. Mr. Carr was found guilty of endangering children as a result of his plea and a presentence investigation was ordered.
Mr. Carr wrote to the trial judge that he wanted his appointed lawyer to be removed from his case. He followed this with the filing of a handwritten document entitled "Petition on Ineffective Assistant of Counsel."
The trial judge proceeded to sentence Mr. Carr to seven years of incarceration. New counsel was appointed to represent Mr. Carr on appeal.
Appellate counsel has pursued a direct appeal and has filed a brief assigning three errors for our consideration:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S REQUESTS FOR NEW COUNSEL.
 II. THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA; MOREOVER, THIS WAS DONE WITHOUT THE BENEFIT OF A MEANINGFUL HEARING.
 III. THE TRIAL COURT ERRED IN PERMITTING THIS INDIGENT, DEFENDANT-APPELLANT TO ACT PRO S.E. ON HIS MOTION TO WITHDRAW HIS NO CONTEST PLEA WITHOUT IT FIRST ESTABLISHING THAT THE DEFENDANT-APPELLANT HAD UNDERSTANDINGLY AND INTELLIGENTLY WAIVED HIS RIGHT TO COUNSEL.
Addressing the first assignment of error, defense counsel struggled to get a good result for a client who had unrealistic expectations about the potential outcome of his criminal case. Mr. Carr kept asserting his innocence despite the clear facts and his own statement to police detectives. When counsel could not in good conscience tell Mr. Carr that the charges would be dismissed or an acquittal result, Mr. Carr began attacking his attorney's performance.
The trial judge carefully assessed the situation, including reports about Mr. Carr's mental health, and did not appoint new counsel. We find that the trial judge acted within his discretion in his handling of the situation. Effective assistance of counsel is not the same as popular assistance of counsel. Trial counsel did a good job under trying circumstances.
The first assignment of error is overruled.
The trial judge carefully considered the factors to be considered when withdrawal of a plea is requested. The trial court was within his discretion in refusing to allow the plea to be withdrawn. See State v. Xie (1992), 62 Ohio St.3d 521, and State v. Spivey (1998),81 Ohio St.3d 405.
The second assignment of error is overruled.
Mr. Carr's trial attorney had gotten a reasonable plea bargain for his client, despite strong evidence that Mr. Carr had cruelly abused his three-month old daughter. Counsel did not believe that Mr. Carr was acting within his own best interests in trying to abandon that plea bargain in order to pursue an alibi defense when overwhelming evidence demonstrated that Mr. Carr was watching over his infant twins when one was seriously injured/abused. The trial judge asked Mr. Carr to demonstrate why the plea should be withdrawn, a demonstration trial counsel could not in good conscience make.
Appointed counsel did not stop representing Mr. Carr. Instead, counsel refused to help Mr. Carr harm his own best interests.
The trial judge patiently listened to Mr. Carr's assertion and then acted appropriately.
The third assignment of error is overruled.
All three assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
McCORMAC and DESHLER, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.