The appellant, Ronald Moore, appeals from the judgment of the Montgomery County Common Pleas Court which denied his motion to withdraw his guilty plea prior to sentencing.
Moore was indicted on October 28, 1996, by the Montgomery County Grand Jury on one count of escape in violation of R.C.2921.34(A) while being detained at the Montgomery Education and Pre-Release Center, and one count of vandalism in violation of R.C. 2909.05(B)(2). Attorney Kent Depoorter was appointed as Moore's trial counsel on December 2, 1996. On January 3, 1997, Moore appeared in court with his attorney, Mr. Depoorter, and entered a guilty plea to the charge of escape; in return the State nollied the vandalism charge. The trial court ordered a pre-sentence investigation and sentencing was set for January 14, 1997.
Prior to sentencing Depoorter informed the defendant that the trial judge was going to impose a two year sentence upon him. On January 27, 1997, the trial court permitted Depoorter to withdraw as counsel of record, and Richard Reiling was substituted as counsel. Mr. Reiling filed a motion to withdraw Moore's guilty plea on February 10, 1997. In the motion, Moore claimed that the "rights and consequences of his actions were not adequately explained to him" by Mr. Depoorter and he was innocent of the escape charges.
After an evidentiary hearing, the trial court denied the defendant's motion and the defendant was sentenced to two years in prison.
Moore testified he initially was interested in having his case proceed to trial as he maintained his innocence. He testified he met with his counsel on December 27, 1996 and counsel told him that if he went to trial he would be found guilty and receive the maximum sentence of five years.
Moore testified that he again met with defense counsel on December 31, 1996 prior to a scheduling conference and again his counsel advised him that he would receive the maximum five year sentence if he was convicted of the crimes charged. During this conversation Moore agreed that he did not want to receive the maximum five year penalty, and he agreed to plead guilty to the escape charge in return for the State's nolle of the vandalism charge. On December 31, 1996, the trial court entered his guilty plea to the escape charge and the State agreed to drop the vandalism charge.
Moore claimed that, following his plea, he began talking with other inmates in the jail, read some law books, and decided that he did not want to spend five years in jail. He testified he "felt that he was being pressured into a deal."
In denying the defendant's motion, the trial court noted that it was the "Court's opinion that the main reason for the filing of their motion is the Defendant's correct perception that the Pre-Sentence Report compiled by the Adult Probation Department recommended that the defendant be sentenced to a term of imprisonment and probation be denied." The defendant was then sentenced to two years in prison.
In a single assignment of error, appellant contends the trial court erred in denying his motion. Appellant contends the motion should have been granted because he was not represented by highly competent counsel and he was not adequately advised of his legal options on the merits of his case. He also contends the record establishes he was pressured into the guilty plea by his counsel's representations. Consequently, appellant argues that the trial court abused its discretion in denying his motion.
In State v. Xie (1992), 62 Ohio St.3d 521, the Ohio Supreme Court held that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing and the decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
The escape charge for which the defendant was indicted is a third degree felony for which the defendant could have received a maximum sentence of five years. The vandalism charge carries a maximum penalty of one year. The pre-sentence report indicates the defendant was serving a two year sentence for burglary at the time he attempted to break his detention at the Montgomery County Pre-Release Center. The report also indicates the defendant had prior convictions for forgery, theft, and attempted tampering with evidence.
The report indicates the defendant and his co-defendant attempted to escape by cutting through a drywall ceiling at the Center. During the pre-sentence report interview the defendant stated he didn't actually escape.[1]
At the time the defendant entered his guilty plea he admitted that while confined at the Pre-Release Center he escaped. (Tr. 4). At the evidentiary hearing, the defendant presented no evidence that suggested the State could not prove the escape and vandalism charges.
Nothing in this record suggests that Mr. Depoorter's advice that the defendant should accept the State's plea bargain was ineffective legal representation. Certainly Mr. Depoorter's estimate that the defendant would receive the maximum sentence if convicted after a jury trial is no indication of his ineffectiveness. In light of the defendant's record, that sentence was entirely probable.
The record certainly supports the trial court's finding that the defendant's motion to withdraw his plea was in response to his learning from Depoorter that he was going to receive a two year sentence from the trial judge. The trial court was not required to believe the defendant's unrebutted testimony that counsel had not discussed the State's evidence with him prior to advising him to accept the State's plea offer.
The record of the defendant's plea indicates the defendant entered his plea voluntarily and that he was satisfied with Mr. Depoorter's advice. (Tr. 4). At the evidentiary hearing, the defendant admitted he entered his guilty plea in hopes of getting a more lenient sentence. He stated he "pled guilty not wanting to get the five years."
The defendant in fact received a lenient sentence of two years as a result of his plea bargain. He has failed to demonstrate to us how the trial court abused its discretion in denying his motion to vacate his guilty plea. See, State v. Xie,supra. The assignment of error is overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and GRADY, J., concur.
Copies mailed to:
Karen L. Sollars
Richard B. Reiling
Hon. James Gilvary
[1] Escape includes an "attempt to break detention," see, R.C. 2921.34(A).