OPINION
On July 10, 1998, the Richland County Grand Jury indicted appellant, Freddie A. Sams, on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and R.C.2941.141. On September 4, 1998, appellant pled no contest pursuant to a plea agreement. The agreement involved appellant taking a polygraph test. If appellant failed the test, the trial court would find appellant guilty and sentence him accordingly; if appellant passed the test, the state would dismiss the charge. On September 18, 1998, appellant took the polygraph test and failed. On September 25, 1998, appellant filed a motion to withdraw his plea. By judgment entry filed October 13, 1998, the trial court denied said motion and set a sentencing hearing for October 15, 1998. On said date, the trial court found appellant guilty and sentenced him to five years in prison with an additional three year term for the firearm specification. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRONEOUSLY DENIED THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA, SAID MOTION BEING FILED PRIOR TO SENTENCING.
 I
Appellant claims the trial court erred in denying his presentence motion to withdraw his no contest plea. We agree in part. Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." As noted in State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." However, the Xie court did find "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. (Emphasis added.) Although we appreciate the state's argument that appellant was violating a formalized plea agreement which would have been enforceable against the state, we nonetheless find the trial court should have conducted a hearing on the merits of appellant's request to withdraw his plea. Given the fact appellant's motion to withdraw his plea was a presentence motion, we reverse and remand the matter for a hearing. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded.
By Farmer, J. Wise, P.J. and Edwards, J. concur.