JOURNAL ENTRY AND OPINION
Lisa Lacey appeals from a judgment of the common pleas court denying her presentence motion to withdraw her guilty pleas to the following charges: one count each of aggravated burglary, vandalism and arson, and two counts of felonious assault, with three-year firearm specifications on each count. On appeal, she argues in part that her defense counsel unduly pressured her into the plea agreement, and that the court denied her motion without considering this claim. She also contests the court's decision to impose consecutive prison terms on three of her sentences — nine years for aggravated burglary, eleven months for vandalism, and the mandatory three-year sentence for a firearm specification — for an aggregate sentence of twelve years and eleven months, arguing that the court failed to make the necessary statutory findings.
Our review of the record reveals that the trial court did fail to consider the issues raised in Lacey's Crim.R. 32.1 motion; accordingly, we are constrained to reverse that judgment and remand this matter for a hearing on the motion to withdraw the guilty pleas. Further, the record reflects that the court failed to satisfy the requirements of R.C.2929.14(E)(4) in imposing consecutive sentences, and therefore, we vacate the sentences imposed and also remand this case for resentencing.
On November 9, 1999, a grand jury indicted Lisa Lacey for aggravated burglary, attempted murder, two counts of felonious assault, vandalism, arson and carrying a concealed weapon, each count containing one-year and three-year firearm specifications except for the count of carrying a concealed weapon.
On June 27, 2000, Lacey entered into an agreement with the state whereby she pled guilty to aggravated burglary, two counts of felonious assault, vandalism and arson — each with a three-year firearm specification, and the state agreed to dismiss the remaining counts against her. After accepting her guilty pleas and finding her guilty, the court referred the matter to the probation department for the preparation of a presentence investigation report.
On July 14, 2000, prior to sentencing, Lacey filed a pro se motion to withdraw her guilty pleas with an attached affidavit alleging that her attorney had unduly pressured her into accepting the guilty pleas.
On June 27, 2000, the court conducted a sentencing hearing, and prior thereto, addressed the allegation in Lacey's presentence motion to withdraw the pleas, but the court never considered the specific allegations of undue pressure by her defense counsel as presented in her motion to withdraw. Instead, the court reviewed the presentence report and the circumstances surrounding her crimes, and then sentenced her to terms of three years on the firearm specification, nine years for aggravated burglary, two years on each count of felonious assault, eleven months for vandalism, and eleven months for arson. And, it ordered the sentences for the firearm specification, aggravated burglary and vandalism to be served consecutively.
Lacey now appeals from the denial of her motion to withdraw her pleas and from the imposition of consecutive sentences, raising two assignments of error for our review. We will consider the second assignment first. It reads:
 1. II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT HAVING AN ADEQUATE HEARING FOR THE PROPER CONSIDERATION OF APPELLANT'S MOTION TO WITHDRAW HER PLEA PRIOR TO SENTENCING WHERE RULE 11(c)(2) WAS NOT COMPLIED WITH.
On appeal, Lacey argues, among other things, that the court failed to consider the allegations raised in her motion to withdraw her guilty pleas prior to imposing sentence in this case. The state contends that the court conducted an adequate Crim.R. 32.1 hearing before it imposed Lacey's sentences. Thus, we are concerned with the adequacy of the hearing conducted in connection with the presentence motion to withdraw the guilty pleas.
Crim.R. 32.1 governs the withdrawal of a guilty plea, and provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In State v. Xie (1992), 62 Ohio St.3d 521, 527, the court set forth the following standard of review for presentence Crim.R. 32.1 motions:
 We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." [Citation omitted.] (Emphasis added.)
We deduce the following axiomatic principles of law from Xie: a presentence motion to withdraw a guilty plea should be freely and liberally granted; however, a defendant does not have an absolute right to withdraw a plea prior to sentencing; the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea, at which it must carefully consider the motion and all the circumstances surrounding the entering of the plea; and absent an abuse of discretion on the part of the trial court in making a ruling, its decision must be affirmed.
In this case, although the court started to conduct a hearing on Lacey's presentence Crim.R. 32.1 motion, the record does not reflect that it considered the basic claim that Lacey's defense counsel had pressured her into accepting the plea or that it gave either Lacey or counsel an opportunity to present evidence, make a statement or participate in that hearing. Lacey had previously submitted an affidavit claiming that her attorney forced her to plead; that he told her if she did not plead that the judge would impose maximum sentences on all counts; that he used a gentleman whom he introduced to her as the judge's bailiff to further pressure her into accepting the plea; that she did not want to accept the agreement; that she continued to tell her counsel that she did not want to plead guilty; further that, although she did not want to plead guilty, she did what her attorney advised and entered into the plea agreement; and that she sent a letter to the judge the day of the hearing to inform him of her allegations.
Notwithstanding the allegations contained in her motion as supported by her affidavit, the court did not hear from defense counsel, Lacey or the bailiff concerning these claims. Rather, the record reflects the following from the trial court:
 * * * And I know Mr. Young is a fighter and he's a good lawyer and I like that, he fights for his clients, he doesn't sell them down the river. I am not saying others are doing that, but this man doesn't. I'll overrule the motion to withdraw, okay, at this point in time. (Tr. 35.)
In conformity with Xie, at a minimum, the trial court had a duty to conduct a hearing, to provide Lacey an opportunity to be heard, to present evidence of her position, to call witnesses on her behalf, and to determine if a reasonable and legitimate basis existed for the withdrawal of the pleas.
Here, while we can presume that the trial court considered the motion and the attached affidavit, the record does not reflect any opportunity for Lacey to be heard on her allegations of undue pressure. Accordingly, based on the facts of this case, we have concluded that the trial court abused its discretion in failing to explore the allegations that Lacey's attorney unduly pressured her into accepting the plea agreement, which could form a basis to withdraw a guilty plea. Thus, this assignment of error is well taken. We therefore reverse the judgment of the trial court denying her motion to withdraw her guilty pleas, and we remand this matter for a hearing on that motion.
 I. THE TRIAL COURT COMMITTED ERROR BY IMPOSING CONSECUTIVE SENTENCES WITHOUT SUFFICIENT OR ADEQUATE REASONS FOR ALL OF THE FINDINGS WHICH ARE REQUIRED BY R.C. 2929.14(E)(4) AND THEREBY PURSUANT TO R.C. 2953.08(C) PRESENT THIS ISSUE FOR APPELLATE REVIEW.
Lacey also complains that the court did not make the necessary findings pursuant to R.C. 2929.14(B)(4) before imposing consecutive sentences in this case. The state argues that the court's statements demonstrate a clear intent of the court in sentencing consecutively because of the seriousness of the offender's conduct.
R.C. 2929.19(B)(2)(c) requires the sentencing court to give its reasons for imposing consecutive sentences. Further, R.C. 2929.14(E)(4) provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The record of the sentencing hearing reflects that the trial court failed to satisfy any of these statutory requirements. The state urges that we infer the requisite mandated findings from the following two comments made by the court at sentencing: (1) I totally agree with you. (Tr. 74); and (2) It's serious. It's about as serious as you can get. (Tr. 80). After considering the statutory directives requiring specific findings, our view is that these comments do not satisfy the express requirements of R.C. 2929.14(E)(4). Accordingly, we also sustain this assignment of error, vacate the sentences imposed in this case, and remand for resentencing if necessary after the hearing on Lacey's Crim.R. 32.1 motion.
Judgment on the motion to withdraw reversed. Imposition of sentence is vacated. Case remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and JAMES J. SWEENEY, J. CONCUR.