OPINION
{¶ 1} Kevin Taylor appeals from the judgment of the Kettering Municipal Court wherein the court denied his motion to withdraw his guilty pleas to possession of a controlled substance, possession of drug paraphernalia, and driving with expired license plates.
 {¶ 2} Taylor was arrested in the early morning hours of March 22, 2002 in Moraine, Ohio for driving with a suspended driver's license and with expired license plates. He was also charged with possession of marijuana and possession of drug paraphernalia, to wit, a marijuana pipe.
 {¶ 3} Taylor appeared in court later that morning and he was shown a video in which the judge informed all the defendants present of their rights. Specifically the court informed the defendants of their right to counsel. The court informed each defendant that if they did not qualify for representation by the public defender, the court would continue their case for a reasonable time to afford them an opportunity to employ counsel. The court then informed each defendant of the effect of their pleas and of their constitutional rights. Specifically, the following occurred in relation to Mr. Taylor:
 {¶ 4} "COURT: 02TRD03475 and 02CRB00611 State vs. Kevin Taylor. Mr. Taylor, Good Morning.
 {¶ 5} "TAYLOR: Good Morning.
 {¶ 6} "COURT: Mr. Taylor, on the traffic charge sir, you have a driving under suspension charge and an expired registration charge. Driving under suspension is a first-degree misdemeanor, potential of up to six months in jail, and one thousand dollars in fines. The expired registration is a minor misdemeanor, maximum potential penalty is a one hundred dollar fine. On the 611 cases, the criminal charges are: you are charged with possession of drug paraphernalia and possession of marijuana. Possession of drug paraphernalia is a fourth degree misdemeanor, two hundred fifty dollar fine and thirty days in jail is the potential maximum. There is a license suspension I will get back to that in a moment. Possession of marijuana is a minor misdemeanor, maximum $100 fine. It also has a license suspension. Both of those charges, possession of marijuana, possession of drug paraphernalia mandatory minimum six-month license suspension, the suspension could be as long as five years. There are no driving privileges permitted during the term of the suspension. Have you spoken to the representative of the public defender's office in the courtroom where you are located, sir?
 {¶ 7} "TAYLOR: Yes sir, I have.
 {¶ 8} "COURT: Do you qualify for representation, sir?
 {¶ 9} "TAYLOR: No, I don't.
 {¶ 10} "COURT: Do you want time to talk to an attorney about these matters, sir?
 {¶ 11} "TAYLOR: No, I don't.
 {¶ 12} "COURT: I don't know what the facts of the case are, if you enter a plea, I'm going to read the facts of the case. If the facts warrant jail time, you will stay at the County jail because I will commit you there immediately. You will get a mandatory license suspension that will be at least six months. There will be no driving privileges whatsoever while you have the suspension. If you want time to talk to an attorney, I'm going to give you that time. If you want to enter a plea, we'll take the plea.
 {¶ 13} "TAYLOR: I want to enter a plea.
 {¶ 14} "COURT: They should have a rights form for you down there. I would like you to step away from the podium, take a look at the rights, read it in its entirety, and I will bring you back up and we will talk further.
 {¶ 15} "TAYLOR: Okay.
 {¶ 16} "COURT: Thank you.
 {¶ 17} "The court attended to other matters while the defendant was completing the rights form.
 {¶ 18} "COURT: Recalling 02CRB00611 and 02TRD03475, State vs. Kevin Taylor.
 {¶ 19} "COURT: Mr. Taylor, good morning again, sir.
 {¶ 20} "TAYLOR: Good morning.
 {¶ 21} "COURT: Mr. Taylor, I understand that you have signed the rights form, is that correct sir?
 {¶ 22} "TAYLOR: Yeah, that's right.
 {¶ 23} "COURT: All right, sir. Let me go over these rights with you. You have a right
 {¶ 24} . . . I'm sorry, go ahead, finish your work there. . . . You have a right sir to have an attorney represent you. If you want time to talk to an attorney, I'm going to give you that time. If you cannot afford an attorney, I will refer you to the public defender's office if you qualify for representation, they will provide representation. It is my understanding that you've already talked to a representative of the public defender's office and you do not qualify for their representation. Correct?
 {¶ 25} "TAYLOR: That's right.
 {¶ 26} "COURT: Do you want time to speak to an attorney before you do anything on these matters?
 {¶ 27} "TAYLOR: No I don't.
 {¶ 28} "COURT: By entering a plea here this morning, you are going to waive or give up certain constitutional rights that you have, sir. Those rights consist of a right to have this case tried to a jury or a judge, and at that trial, the right to confront your accusers. That means anyone who takes the witness stand, you or if you have an attorney representing you, the attorney on your behalf has the right to cross-examine or ask questions of each such witness. You have a right at that trial, to have witnesses testify on your behalf. Even if it requires the issuance of a subpoena by this Court to compel the attendance of the individual to appear here in Court. You have a right at trial to require that the prosecutor prove your guilt on each of these charges beyond a reasonable doubt before you can be found guilty of each of these charges. You also have the right to remain silent, which means you cannot be made to say anything before this court that would either incriminate you or be prejudicial to your legal position in these cases, unless you choose to make such comment. Do you understand those rights sir?
 {¶ 29} "TAYLOR: Yeah.
 {¶ 30} "COURT: Yeah means yes?
 {¶ 31} "TAYLOR: Yes it does.
 {¶ 32} "COURT: Thank you. Do you have any questions about these rights, sir?
 {¶ 33} "TAYLOR: No.
 {¶ 34} "COURT: Do you understand that you will give up those rights by entering a plea today sir?
 {¶ 35} "TAYLOR: Yes.
 {¶ 36} "COURT: The traffic case which is 02TRD03475 a charge of operating a motor vehicle under suspension, what is your plea sir?
 {¶ 37} "TAYLOR: No contest.
 {¶ 38} "COURT: The charge of having an expired registration on the vehicle, what is your plea?
 {¶ 39} "TAYLOR: Guilty.
 {¶ 40} "COURT: Case 02CRB00611 the charge of possession of drug paraphernalia, what is your plea?
 {¶ 41} "TAYLOR: Guilty.
 {¶ 42} "COURT: Same case number, a charge of possession of marijuana, a minor misdemeanor, your plea sir?
 {¶ 43} "TAYLOR: Guilty.
 {¶ 44} "COURT: Is there anything you wish to tell me about these matters before I impose sentence.
 {¶ 45} "TAYLOR: Yes, the suspended license, I have been in Court for that three times, now, and every time it's been dismissed. That's about all I have to add.
 {¶ 46} "COURT: On the no contest plea the Court finds that on March the 22nd of this year within the jurisdiction of this Court, the defendant operated a motor vehicle while his license was under suspension by the Bureau of Motor Vehicles. The Court makes a finding of guilty. Your driving record, sir, indicates that the Bureau of Motor Vehicles suspended your license and you have a reinstatement fee to pay. You have not paid that fee. It appears from the other information that I have, that the fee is the amount of $125.00. So until you make that payment of that fee to the BMV your license will remain suspended. Despite what rulings some other courts may have given you, that's my interpretation of that information. 1997, Middletown Municipal Court, you have a drug paraphernalia charge, the Court imposes a license suspension of six months at that time, correct?
 {¶ 47} "TAYLOR: Yeah, that's right.
 {¶ 48} "COURT: Well what didn't you learn at that point in time from having your license suspension that you continue to have drug paraphernalia in your possession?
 {¶ 49} "TAYLOR: Just stupid I guess.
 {¶ 50} "COURT: Okay. What's the status of the registration? I assume it's still not, obviously it's still not taken care of. Why is the vehicle not properly registered.
 {¶ 51} "TAYLOR: More stupidity I guess. I thought I bought it for the whole next year but I guess I didn't, so.
 {¶ 52} "COURT: All right sir. Mr. Taylor in Case 02TRD03475, the traffic matter. Driving under suspension, five hundred dollar fine, suspend four hundred, thirty days of jail suspended. Expired registration ten-dollar fine. In case 02CRB00611, possession of drug paraphernalia, two hundred and fifty dollar fine, thirty days in jail. Give you credit for the one day you served, I'll suspend the twenty-nine days in jail, you pay the whole fine. Your license is suspended for a period of one year, effective today, or your driving privileges, since you don't have a license. Do not operate a vehicle for the next year. You do and you come back in front of me and you go to jail. And I'll also revoke the probation in this case. So you'll have jail time from the driving under suspension, plus I will revoke, I'll impose the twenty-nine days I've just suspended in this case. You are on probation, unsupervised for two years, the conditions are no other violations of law, do not possess or consume drugs of abuse. Possession means it's under your control, it doesn't have to be in your hand, or in your pocket. Consumption means it gets into your system. A drug of abuse, is any drug to me that's other than a prescription drug specifically prescribed for your use by a physician, or over the counter medication. Anything else to me is a drug of abuse. Do not possess drug paraphernalia. You possess drug paraphernalia, you possess or consume drugs of abuse, I will revoke the probation. Possession of Marijuana, one hundred dollar fine, again your operating privileges are suspended for one year effective today. You will sign a payment agreement, if you cannot pay this in full. If you cannot make the payments you come in and talk to me. I will not put you in jail, we will work something out. If you do not make a payment when it's due, and you don't come in and talk to me, I will have you arrested, you'll be charged with contempt of Court, and then we start talking about jail time. Is there anything you don't understand about anything I've just explained to you?
 {¶ 53} "TAYLOR: No, I understand everything.
 {¶ 54} "COURT: All right, very good Mr. Taylor. Thank you, that is all.
 {¶ 55} "TAYLOR: Thank you.
 {¶ 56} "THEREUPON THIS MATTER WAS CONCLUDED."
 {¶ 57} On March 26, 2002, Taylor moved to withdraw his guilty pleas. He contended that he had a viable defense to the charges and that the court should grant his motion because he lacked the advice of counsel and was unsure of the nature and consequences of his pleas. On April 8, 2002, the trial court conducted a hearing on Taylor's motion. At the hearing Taylor testified he entered his pleas from the Kettering Jail via a video camera with the judge. Taylor testified he entered his guilty pleas because he thought that was what he was supposed to do. (Tr. 9). He also testified he pled guilty to the charges he thought he would get out of jail if he did. (Tr. 11).
 {¶ 58} At the conclusion of the hearing, the trial court granted Taylor's motion in part. The court found that while the defendant had insured his automobile he had not informed the Bureau of Motor Vehicles and thus his driver's license had not been reinstated at the time of his arrest. The court found it would be a manifest injustice to permit the driving while under suspension conviction to stand and the court vacated it. The trial court denied the motion as to the other convictions because the trial judge stated that he recalled that he exhaustively explained Taylor's rights to him and he believed that Taylor entered knowing and voluntary pleas. The court found that Taylor had not demonstrated that a manifest injustice would result if the court denied the motion as to the remaining pleas. After the suspended driving charge was vacated, Taylor entered a counseled no contest plea and the trial court found him not guilty of that charge.
 {¶ 59} Crim. R. 32.1 provides that a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed, but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. Taylor argues that we should not apply the manifest injustice requirement since the court imposed the sentences so quickly after Taylor entered his pleas.
 {¶ 60} It is clear that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing but he must demonstrate a reasonable and legitimate basis for having the court do so. The decision to grant or deny the presentence motion is within the sound discretion of the trial court. State v. Xie (1992),62 Ohio St.3d 521. A defendant who seeks to withdraw his pleas of guilty after the imposition of sentences has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261.
 {¶ 61} We have examined the record of Taylor's plea and we note that the trial court spent a great deal of time with Taylor to insure that his plea was being entered knowingly, intelligently and voluntarily. The trial court specifically asked Taylor if he desired more time to consult an attorney in light of the fact that he didn't qualify for representation by the Public Defender. The trial court also warned Taylor that his plea might result in immediate jail time which contradicts in part Taylor's claim that he thought entering guilty pleas would result in his getting out of jail immediately.
 {¶ 62} If we apply the pre-sentence standard of Crim.R. 32.1, we find Taylor did not provide the trial court a legitimate basis for vacating his pleas and certainly there is no evidence that the trial court abused its discretion in denying Taylor's motion. If we apply the post-sentence requirements of Crim.R. 32.1, Taylor did not demonstrate that he would suffer a manifest injustice if the trial court denied his motion.
 {¶ 63} Appellant's counsel raised for the first time in oral argument the trial court's failure to comply with Traf.R.8(D), which requires the trial court to explain to the defendant his right to bailbefore calling upon him to plead at the arraignment. Appellant contends that if the trial court had explained this right to him, he would not have been under the impression that he had to plead guilty to the charges in order to get out of jail.
 {¶ 64} The State argues that we should not consider this argument because it was not raised in the Crim.R. 32 motion in the trial court nor was it raised in the appellant's appellate brief. We agree with the State. The general rule is that in order to assert error on appeal the claimed error must first have properly been called to the trial court's attention by pleading, motion, objection or otherwise. Although we will not consider appellant's argument at this late stage of the proceedings, we caution the trial court to proceed in the future in compliance with the traffic rule to avoid any misunderstanding by a defendant that a guilty plea or a no contest plea is a condition precedent to release from jail. The assignment of error is overruled.
 {¶ 65} The judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.