This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Daniel McKinney, appeals from a judgment entry of the Summit County Court of Common Pleas, which denied his motion to withdraw his guilty plea. We affirm.
 I.
{¶ 2} On August 16, 2001, Appellant was indicted for one count of failure to comply with order or signal of a police officer, in violation of R.C. 2921.331(B), one count of receiving stolen property, in violation of R.C. 2913.51(A), one count of falsification, in violation of R.C.2921.13(A)(3), one count of reckless operation, in violation of R.C.4511.20, and one count of failure to control, in violation of R.C.4511.202. As part of a plea agreement, Appellant entered a plea of guilty to failure to comply with order or signal of a police officer and reckless operation. The charges of receiving stolen property, falsification, and failure to control were dismissed.
{¶ 3} Appellant was sentenced on September 5, 2001 to a term of one year imprisonment on failure to comply with order or signal of a police officer, to be served consecutively with a sentence imposed in a case from Cleveland. Appellant was fined $100 for reckless operation, but the court waived the fine due to Appellant's indigency. The court further ordered Appellant to make "full and complete restitution as directed."
{¶ 4} On September 24, 2001, Appellant filed a motion to withdraw his guilty plea, pursuant to Crim.R. 32.1. The court denied the motion. This appeal followed.
 II. Fourth Assignment of Error
{¶ 5} "APPELLANT MCKINNEY WAS DENIED DUE PROCESS AND PLACED IN JEOPARDY TWICE FOR THE SAME OFFENSE IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION X, ARTICLE I OF THE OHIO CONSTITUTION, WHERE THE TRIAL COURT ERRONEOUSLY ENTERED SIMULTANEOUS JUDGMENTS OF CONVICTION AND SENTENCE TO BOTH FELONY CHARGE OF FAILURE TO COMPLY AND LESSER INCLUDED MISDEMEANOR OFFENSE OF RECKLESS OPERATION."
{¶ 6} Appellant filed his original appellate brief on June 18, 2002. That brief did not comply with the local rules requiring items in the appendix to be both tabbed and numbered; therefore, this Court ordered the appendix to be stricken and ordered Appellant to file a complying brief by July 11, 2002. Thereafter, Appellant filed an "Amended Fourth Assignment of Error Brief," which contained a fourth assignment of error. The fourth assignment of error was not a part of Appellant's original brief and was filed without leave of the court; accordingly, Appellant's "Amended Fourth Assignment of Error Brief" will not be considered by this Court.
{¶ 7} We now turn to the three assignments of error from Appellant's original brief. We have consolidated them for ease of review.
 Assignment of Error One
{¶ 8} "APPELLANT MCKINNEY WAS DENIED HIS SIXTH AMENDMENT GUARANTEE TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 Second Assignment of Error
{¶ 9} "APPELLANT MCKINNEY WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF OHIO CRIMINAL RULE ELEVEN, THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION X OF THE OHIO CONSTITUTION WHERE THE TRIAL COURT FAILED TO COMPLY WITH OHIO CRIMINAL RULE 11(C)."
 Third Assignment of Error
{¶ 10} "APPELLANT MCKINNEY WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF OHIO CRIMINAL RULE 32.1, THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION X OF THE OHIO CONSTITUTION WHERE THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S POSTSENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."
{¶ 11} In his first three assignments of error, Appellant essentially argues that the trial court erred in denying his motion to withdraw his guilty plea. He asserts that his plea was not knowing, intelligent and voluntary because his counsel was ineffective and because the trial court did not comply with Crim.R. 11 when it accepted his plea. We disagree.
{¶ 12} The decision to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial court. State v. Vie
(1992), 62 Ohio St.3d 521, at paragraph two of the syllabus. Accordingly, an appellate court will not reverse the denial of a motion to withdraw a guilty plea unless that decision was unreasonable, arbitrary, or unconscionable. State v. Newland (1996), 113 Ohio App.3d 832,838.
{¶ 13} Crim.R. 32.1 governs the withdrawal of guilty pleas. It provides:
{¶ 14} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.
{¶ 15} A defendant who seeks to withdraw a guilty plea after his sentence is imposed must demonstrate a manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
{¶ 16} Appellant first asserts that the trial court erred in denying his motion because his trial counsel was ineffective. Appellant argues that he accepted the plea agreement based upon counsel's representation that he would receive a one-year prison sentence and that he would be released in August 2002. Appellant claims that when he arrived into the custody of the Ohio Department of Rehabilitation and Correction, a representative of the Ohio Public Defender's Office informed him that no information existed which authorized his release in August 2002. The trial court denied Appellant's motion, finding that because August 2002 had not yet arrived, the motion was not ripe.
{¶ 17} Appellant cannot demonstrate a manifest injustice merely upon the possibility that he would not be released within one year of the time he was sentenced. He bases his argument upon a statement claimed to have been made by someone in the public defender's office. Assuming, arguendo, that the statement is accurate, the statement merely provides that there was no information that Appellant would be released in August. Appellant's motion to withdraw his guilty plea, based upon the supposition that he might not be released in August 2002 was not ripe. Accordingly, the trial court did not abuse its discretion when it denied Appellant's motion.
{¶ 18} Appellant further asserts that the trial court erred in denying his motion to withdraw his guilty plea because the trial court failed to comply with Crim.R. 11 because it did not state the plea agreement on the record and that the negotiated plea agreement contained addition charges by the prosecution. Appellant also argues that, at the time of sentencing, the trial court failed to inform him of the maximum penalty involved or of the consequences of his plea because the amount of restitution was undetermined.
{¶ 19} Crim R. 11 provides, in pertinent part:
{¶ 20} "(C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
{¶ 21} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
{¶ 22} "(F) When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."
{¶ 23} The State recited the terms of the plea negotiation on the record, clearly indicating that Appellant would be pleading guilty to failure to comply with an order of a police officer and to reckless operation; the State would be dismissing the charges of receiving stolen property, falsification, and failure to control. The State also recommended that Appellant serve one year and that he be responsible for any restitution caused by the accident and the damage caused to the car that he was in. When asked by the court if these representations were accurate, Appellant stated that he did not understand the charge of reckless operation and that he was under the impression that the charge would be dismissed. The trial court inquired further and instructed Appellant that the maximum penalty would be a $100 fine. Appellant agreed to the negotiated plea, stating that he had "no problem with that[.]"
{¶ 24} The trial court further ordered Appellant to "make full and complete restitution as directed." However, the record reflects that the trial court has never ordered a specific amount of restitution.
{¶ 25} The imposition of restitution in felony cases is governed by R.C. 2929.18, which states, in pertinent part:
{¶ 26} "(A) *** [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section[.] *** Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
{¶ 27} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. *** At sentencing, the court shalldetermine the amount of restitution to be made by the offender." (Emphasis added.)
{¶ 28} A trial court must determine the amount of restitution to be paid at the time of sentencing. R.C. 2929.18(A)(1). This duty falls upon the trial court, and the trial court may not delegate that authority to another body, such as the probation department. See State v. Moore, 7th Dist. No. 00AP0741, 2002-Ohio-5047, ¶ 14.
{¶ 29} The record reflects that the trial court ordered Appellant to pay restitution, but the court failed to specify an amount. It does not appear that the trial court has ever ordered Appellant to pay a specified amount. Appellant cannot demonstrate a manifest injustice because there is not a valid order that requires Appellant to pay restitution because the trial court never determined the amount of damages. Accordingly, it was not an abuse of discretion for the trial court to deny his motion to withdraw his guilty plea. Appellant's first, second, and third assignments of error are overruled.
 III.
{¶ 30} Appellant's first, second, and third assignments of error are overruled. The Court declines to address Appellant's fourth assignment of error. Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
CARR, J. and BATCHELDER, J. CONCUR.