OPINION
{¶ 1} Vonda F. Norris appeals from her conviction in the Champaign County Municipal Court of operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A)(1) and failure to maintain control of a motor vehicle in violation of R.C. 4511.202.
 {¶ 2} Ms. Norris was arrested on July 25, 2003 after her vehicle struck a utility pole in St. Paris, Ohio. Officer Niven Jester noted that Ms. Norris smelled of a strong odor of alcohol and he also observed an open Little Kings bottle and a large quantity of alcoholic beverages in and around the passenger compartment. Ms. Norris told Officer Jester she had been drinking and had taken a prescribed medication. Jester said that Norris failed three field sobriety tests and later tested .0334 on the breathalyzer. Jester stated he believed Ms. Norris was impaired due to the combination of the prescription medication and the alcohol. (See the statement of the officer at pages 8 and 9 of the transcript).
 {¶ 3} Jester charged Ms. Norris by use of a uniform traffic ticket. The ticket noted that Ms. Norris was charged with "OMVI" in violation of R.C. 4511.19(A)(1) and "reasonable control" in violation of R.C. 4511.202.
 {¶ 4} Ms. Norris appeared in court a few days later at an initial arraignment and entered a plea of no contest to both charges without benefit of counsel. The trial court then found her guilty of both charges after an explanation of the offenses was presented, and the court imposed sentences. Two weeks after Ms. Norris was sentenced, her retained counsel moved to withdraw Ms. Norris's pleas pursuant to Crim.R. 32.1. In an accompanying memorandum, counsel represented to the court that Ms. Norris entered her no contest plea to OMVI without knowing what the letters OMVI meant. Counsel noted that the ticket provided that she tested .033 which is well below the per se amount of alcohol for a violation of R.C. 4511.19(A)(3). Counsel noted that the arresting officer did not check the box stating "under the influence of alcohol" nor the "prohibited blood alcohol" box on the ticket. Counsel stated that Ms. Norris did not understand the charge she pleaded to and he requested on her behalf that the trial court conduct a hearing upon her motion. She requested time to provide the court with a transcript of the plea proceedings. The trial court summarily overruled Ms. Norris' motion the very next day.
 {¶ 5} In a single assignment, Ms. Norris contends the trial court erred in overruling her motion to withdraw her plea without affording her a hearing.
 {¶ 6} Crim. R. 32.1 provides as follows:
 {¶ 7} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In State v. Xie (1992), 62 Ohio St.3d 521, the supreme court held that a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea when the motion is made before sentencing. The supreme court has not decided whether the trial court must conduct a hearing when the defendant's motion is made after sentencing.
 {¶ 8} We are, however, satisfied under the circumstances of this case, the trial court abused its discretion in denying Norris's motion without a hearing. In this case, Norris entered a plea to OMVI, a charge which was not explained to her by the court before she entered her plea. The uniform traffic ticket provided her with little information as well. In fact, the officer did not check the "box" under the influence of alcohol/drug of abuse nor the box "prohibited blood alcohol concentration." After Ms. Norris entered her no contest pleas she even asked the court whether OMVI meant DUI (Tr. 12). The trial court denied the defendant's motion without reviewing a transcript of the defendant's plea or by providing her a hearing on her motion. We agree that the trial court abused its discretion in not providing the hearing requested. The assignment of error is sustained.
 {¶ 9} Judgment of the trial court is Reversed and Remanded for further proceedings.
Grady, J., and Young, J., concur.