OPINION
{¶ 1} Mr. Munger is appealing from his conviction of passing a bad check. The check was in the amount of $810.40 and since it was for more than $500, but less than $5,000, he was charged under the statute with a felony of the fifth degree. R.C. 2913.11(A). Following negotiations between his counsel and the State, the charge was reduced to a misdemeanor of the first degree with the State recommending a suspended six-month sentence provided he make restitution.
 {¶ 2} On appeal, Mr. Munger brings the following two assignments of error:
 {¶ 3} "1. The trial court erred in accepting appellant's guilty plea.
 {¶ 4} "2. The trial court erred in overruling appellant's motion to withdraw his guilty plea."
 {¶ 5} We will first deal with the second assignment of error, and in reviewing it, we turn to the transcript of the disposition hearing held, as the court ordered, on January 3, 2002. Excerpts of the hearing quoted later will be from the transcript of this particular hearing.
 {¶ 6} A motion to withdraw a plea of guilty made before sentencing should be "freely and liberally granted" when a defendant shows "a reasonable and legitimate basis" for the withdrawal of the plea. Statev. Xie (1992), 62 Ohio St.3d 521, 527. The motion to withdraw the guilty plea here was made by Munger's attorney at the beginning of the sentencing hearing and before sentencing, (Tr. 10) and the court stated that there would be a hearing on that issue "at this time." Id. The following excerpts from the transcript of this hearing are relevant to our disposition of this case:
 {¶ 7} "Mr. Munger, is there anything you would like to say in mitigation in your case, or, Mr. Dice, anything on Mr. Munger's behalf?
 {¶ 8} "THE DEFENDANT: Yes, I would, Your Honor. If I was autistic, I could memorize the phone book from front to back and that would not make me competent enough to stand here in a Courtroom. Furthermore, being bipolar, having racing thoughts and so yeah, yeah, I may appear to be one thing or another, but the fact remains that I am here and the reason why I am here is because of my inability to resolve certain issues and it may have been on a timely manner.
 {¶ 9} "The issues with Mr. Dice, the issues with the Prosecutor, the documents that I wanted to submit, I had to sit here and bear down while the Prosecutor made his comments directed toward me which were untrue, and I'm pleading with the Court that either one, that I be allowed to have an opportunity to have new Counsel, and if that means bringing in my psychiatrist, psychologist or my medical records or whatever, I am not guilty of this offense and if anybody looked at the evidence or the results of any investigation there has been — the Prosecutor was right in indicating that Mr. Dice had requested a discovery. He also knew about all these other facts, and why weren't records subpoenaed from Alphabet or whatever? It just goes on and on. I feel like I am about to be sentenced for something that I didn't commit.
 {¶ 10} "As far as entering the plea, I had the fear of God in me. I have two daughters, and I was left with the feeling, the impression from the Prosecutor and quote, if we go to trial and he's found guilty, he's going to jail today, right here with me right on the other side of that fence (indicating). And if he's guilty he is going to jail today. You make sure he knows that.
 {¶ 11} "And then at that time Daniel [his counsel] went in and out of the Courtroom and he came back, and the last things he said, `Will you make the check good? Will you pay restitution?' And I said, `I get up here and I'm being asked to pay restitution for an account that I believe was paid in full, but will it make this thing end?' And he said yes, it would, and believe me, jail time, the Court costs. (Tr. 20-21).
 {¶ 12} "* * *
 {¶ 13} "It's important to me that I've wasted the Court's time and the Prosecution's time and everybody else's time for this whole proceeding because I feel, once again, that nothing has been looked at, the cancelled checks. Nobody has even looked at the statements from Alphabet Embroidery that are outdated. Nobody has asked ASAP Screen Printing how much they paid Alphabet and why Alphabet never accounted for any of this. You just don't get it, and, once again, I'd ask that this either be continued or that you bring my doctors in and have a competency hearing or —
 {¶ 14} "THE COURT: There's no doubt in my mind, Mr. Munger, that you don't understand everything that is going on here today and you don't understand, it's very obvious, and the record will show that you don't understand what is relevant and what is not relevant to the decision that needs to be made in this case. Doesn't it make you wonder a little bit that most everybody else involved in this case seems to understand it and you don't?
 {¶ 15} "THE DEFENDANT: Well, yes, sir, Your Honor.
 {¶ 16} "THE COURT: I don't want an answer to that. (Tr. 22).
 {¶ 17} "* * *
 {¶ 18} "THE COURT: The question is, is there anything you want to say in mitigation because that is all that is relevant at this point in time?
 {¶ 19} "THE DEFENDANT: Mmm-hmm.
 {¶ 20} "THE COURT: So if you want to say anything in regard to that, then I will listen to it and then we will go ahead and proceed.
 {¶ 21} "THE DEFENDANT: The information I keep trying to interject is what should have been gone through by my attorney and the Prosecution and we should have had the trial the first time we came up to that opportunity, but we weren't —
 {¶ 22} "THE COURT: But you pled guilty and that's the reason there wasn't a trial.
 {¶ 23} "THE DEFENDANT: And my guilty plea and the transcript is — all I know is that I fought the whole thing the whole way. It broke my heart. It's not true." (Tr. 23-24).
 {¶ 24} Focusing in particular on the trial court's recognition that the defendant really was not understanding the whole process and continued to protest his innocence, as he had at the plea hearing, we conclude that this was not merely a change of heart, which does not provide adequate justification for withdrawal of a guilty plea, but rather a persistent attempt by Mr. Munger to have his whole story told in front of a jury. Defendant's counsel acknowledged in his brief, and during oral argument, that the defendant had been advised that he faces a trial on his fifth degree felony charge for which he might be found guilty and suffer a greater penalty than afforded to him by the plea bargain. Counsel clearly advised him of the possible adverse consequences, and yet he still wishes to go ahead with his request to withdraw his plea. Although we find that the reasons behind defendant's protestations of innocence are somewhat confusing, obviously he didn't have a chance to present his evidence in full. We believe on the facts of this particular case that Mr. Munger should be afforded an opportunity to present his full case, whether he wins or not.
 {¶ 25} The second assignment of error is, therefore, sustained. The first assignment is moot. The judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.
FAIN, P.J. and GRADY, J., concurs.