OPINION
{¶ 1} Defendant-appellant Todd Ellerbrock ("Ellerbrock") brings this appeal from the judgment of the Court of Common Pleas of Putnam County denying Ellerbrock's motion to withdraw his guilty plea after sentencing.
 {¶ 2} On April 4, 1997, the Putnam County Grand Jury indicted Ellerbrock on one count of burglary and one count of aggravated arson. Ellerbrock entered a plea of not guilty by reason of insanity on April 21, 1997. Pursuant to plea negotiations, Ellerbrock withdrew his not guilty plea and entered a plea of guilt to the aggravated arson charge, a second degree felony. The State then dismissed the burglary charge. After a Crim.R. 11 dialogue between Ellerbrock and the court, the trial court accepted the guilty plea. On September 26, 1997, the trial court sentenced Ellerbrock to serve the maximum prison term of eight years in prison.
 {¶ 3} On July 17, 2002, Ellerbrock filed a motion to withdraw his guilty plea. Ellerbrock claimed that the plea was unconstitutional and that there was no record that the plea was taken. According to Ellerbrock, without an appropriate record to indicate that the trial court fully explained the rights Ellerbrock was waiving by pleading guilty, the acceptance of the guilty plea violates his constitutional rights. This motion was overruled on February 4, 2003. It is from this judgment that Ellerbrock raises the following assignments of error.
The trial court erred to the prejudice of [Ellerbrock] in not holding a hearing on [Ellerbrock's] motion to withdraw his guilty plea pursuant to Criminal Rule 32.1 where there was a clear manifest injustice in the taking of the plea where the trial court did not explain to [Ellerbrock] those constitutional rights he was waiving because of the plea of guilty violating [Ellerbrock's] Fifth, Sixth and Fourteenth Amendment Rights of the United States Constitution.
The plea transcripts obtained by the trial court are suspect as they are allegedly never taken in open court as is required by the United States Supreme Court precedent case authority and the plea transcripts certificate does not comport to an official affidavit as it is missing critical requirements to sustain its right or duty as an affidavit to testify or attest to the truth of the facts rendering [Ellerbrock] suffering a prejudice that is absolute.
 {¶ 4} In his second assignment of error, Ellerbrock claims that the transcript provided by the court reporter is invalid because the certificate is not appropriate and because there is no tape of the hearing. The requirements for a transcript are set forth in App.R. 9(B) which states in pertinent part:
At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. The reporter is the person appointed by the court to transcribe the proceedings for the trial court whether by stenographic, phonographic, or photographic means, by the use of audio electronic recording devices, or by the use of video recording systems.
* * *
The reporter shall certify the transcript as correct, whether in written or videotape form, and state whether it is a complete or partial transcript, and, if partial, indicate the parts included and the parts excluded.
Crim.R. 9(B). The certificate required does not need to be in the form of an affidavit.
 {¶ 5} In this case, the court reporter certified that she personally had reduced the statements made in the hearing to shorthand in the presence of the parties. The reporter certified that she then transcribed the shorthand in a true and accurate transcript of the testimony. This certificate satisfies the requirements set forth in Crim.R. 9(B). Therefore, the second assignment of error is overruled and the transcript is accepted.
 {¶ 6} The first assignment of error claims that the trial court should have held a hearing prior to overruling the motion to withdraw the guilty plea. A motion to withdraw a guilty plea may be granted after sentencing only to correct a manifest injustice. Crim.R. 32.1. The decision whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the trial court. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715. No evidentiary hearing is required on a post-sentence motion to withdraw a guilty plea when the record on its face conclusively contradicts the allegations the defendant presents in support of the motion to withdraw. State v. Grigsby 2nd Dist. No. 02CA16, 2003-Ohio-2823, at ¶ 21. Absent a showing of unreasonableness or arbitrariness, the decision of the trial court will not be reversed. Xie, supra.
 {¶ 7} Here, the record shows that the trial court explained all of the rights waived by Ellerbrock by entering a guilty plea. The record also shows that Ellerbrock claimed to understand these rights. The trial court then stated the allegations made in the indictment and asked Ellerbrock if he had committed the alleged crime. Ellerbrock then admitted entering a residence, lighting a fire and letting the fire destroy the house. Ellerbrock then entered his plea of guilty and the trial court accepted it. Ellerbrock does not allege that he did not commit the crime, only that he was forced to plead guilty by the trial court's setting of a deadline for a change of plea. This is not a manifest miscarriage of justice. Thus, the trial court did not err in dismissing the motion to withdraw a guilty plea. The first assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Putnam County is affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.