{¶ 27} I agree that the trial court could not know what Attorney Pierson would say if called to testify. However, no need for his testimony is demonstrated by the grounds for relief on which Defendant-Appellant's Civ.R. 32.1 motion was based.
 {¶ 28} A plea of guilty or no contest must be knowing, intelligent, and voluntary, and a proper Crim.R. 11(C) colloquy creates a presumption that it was. The presumption is rebuttable, but only upon a showing that the effect of an otherwise proper colloquy was undermined by a collateral matter or matters.
 {¶ 29} In his colloquy with the court before it accepted his guilty plea, Defendant-Appellant affirmed that no one had promised him what the court would do in order to cause him to enter the guilty plea, and he acknowledged an understanding that "simply because you are entering your plea, there is no promise or guarantee from (the) Court as to what your disposition will be in this particular case." (T. 7).
 {¶ 30} In support of his subsequent motion to withdraw his guilty plea, Defendant-Appellant stated that his attorney had assured him that he would be sentenced to a term of probation or, at most, a term of supervision in the Green Leaf Program. He had since learned that the court's Probation Department recommended a prison term. Believing that the court would likely adopt that recommendation, Defendant-Appellant asked for leave to withdraw his guilty plea because the recommended sentence was more onerous than his attorney had "promised" him it would be.
 {¶ 31} Where a Civ.R. 32.1 motion is made before sentence is imposed but after the defendant is made aware of a likely sentence, the "manifest injustice" standard applies. State v. Long (May 13, 1993), Montgomery App. No. 13285. In order to reverse an order denying the motion, we must find that the trial court abused its discretion when applying the relevant standard. State v. Xie (1992), 62 Ohio St.3d 521. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 32} Defendant-Appellant's affirmations that no promises were made to him which induced his guilty plea created a presumption that none were. To rebut the presumption, Defendant-Appellant had a burden to show that the truth of his statements was undermined by the "promises" his attorney allegedly made. That might be done by claiming that his attorney had told him to reply to the court's questions untruthfully, and that he did. It might also be shown by a claim that his attorney had told him that the attorney had the judge "in his pocket," so to speak, suggesting a corruption of the judicial process. Such collateral matters demonstrating malfeasance on the part of the defendant's attorney rebut the presumption of correctness the plea colloquy created.
 {¶ 33} Defendant-Appellant made no assertions of that kind. Rather, he contended merely that his attorney had assured him that one of two potential and more lenient sentences would be imposed. That "promise" is no more than a representation of the attorney's predictive judgment. Defendant-Appellant's reliance on it, though to his detriment, portrays nothing more than a matter of misplaced confidence. It is not a collateral matter that undermines or rebuts the presumption his subsequent plea colloquy created.
 {¶ 34} Whether on the applicable "manifest injustice" standard or the more lenient standard otherwise applicable to pre-sentencing Civ.R. 32.1 motions that they should be freely and liberally granted, State v. Xie,
the grounds on which Defendant-Appellant relied fails to demonstrate that he was entitled to the relief he sought. Anything further Attorney Pierson might say in the same vein could not affect the merits of Defendant-Appellant's grounds for relief. Nothing further was needed from Attorney Pierson, therefore. The trial court did not abuse its discretion when it denied the motion without hearing whatever testimony Attorney Pierson might give to support the grounds for relief Defendant-Appellant presented.