THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE, v. XIE, APPELLEE AND CROSS-APPELLANT.

[Cite as *State v. Xie* (1992), 62 Ohio St.3d 521.]

(No. 90–1814—Submitted November 5, 1991—Decided February 12, 1992.)

*Michael Miller,* Prosecuting Attorney, and *James V. Canepa,* for appellant and cross-appellee.

*Max Kravitz* and *David Kentner,* for appellee and cross-appellant.

ALICE ROBIE RESNICK, J.  The state now appeals, asserting that the trial court did not abuse its discretion in refusing to allow Xie to withdraw his guilty plea; and that Xie's alleged reliance on the misinformation of his attorney did not render the guilty plea unintelligent and involuntary.  Xie cross-appeals, contending that the misinformation tendered by his attorney constituted ineffective assistance of counsel of such a degree that the guilty plea should be vacated on that ground.

The court of appeals based much of its decision to reverse on the role the erroneous information regarding parole eligibility supplied by counsel played in Xie's decision to plead guilty.  There is no doubt that the parole eligibility information given to Xie was erroneous.  His attorney advised him that the minimum amount of time he would serve before parole eligibility if convicted of aggravated murder with a firearm specification would be twenty-three years.  However, when the good-behavior reduction contained in Ohio Adm. Code 5120–2–05(A) is factored in, the minimum time to be served before parole eligibility is seventeen years.[1]

---

1. Xie could have received a sentence of life imprisonment with parole eligibility after twenty years if convicted of aggravated murder.  R.C. 2929.03(A).  Additionally, he could have received an additional three-year sentence if convicted of the firearm specification.  R.C. 2929.71.  Xie's counsel apparently added the two sentence terms together to conclude that Xie would be eligible for parole in twenty-three years.  However, Ohio Adm.Code 5120–2–05(A) allows a possible thirty-percent reduction of the twenty-year term before parole eligibility, for good behavior.  In that case, Xie would have had to serve a minimum of fourteen years before parole eligibility for the aggravated-murder conviction.  A conviction on the firearm specification carried with it a three-year sentence of "actual incarceration."  R.C. 2929.71.  Therefore

We initially address the claim of ineffective assistance of counsel because it has strong ramifications on the other issues involved in this case.

I

Xie, in his cross-appeal, argues that the misinformation concerning his parole eligibility constitutes ineffective assistance of counsel which mandates granting the motion to withdraw his guilty plea. To prevail on this claim, Xie must meet the test for ineffective assistance of counsel established in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, also, *State v. Holloway* (1988), 38 Ohio St.3d 239, 244, 527 N.E.2d 831, 837; *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.

The *Strickland* test was applied to guilty pleas in *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. "First, the defendant must show that counsel's performance was deficient." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hill,* 474 U.S. at 57, 106 S.Ct. at 369, 88 L.Ed.2d at 209. Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; see *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

At the hearing on the motion to withdraw his guilty plea, Xie testified that the fear of serving twenty-three years before parole eligibility was a major factor inducing him to plead guilty to the lesser charge. Xie contended that, had he known he would be eligible for parole in a minimum of seventeen years if convicted of the indicted offense, he would have chosen to go to trial and risk conviction for that offense.

The trial court, in its ruling on the motion to vacate the plea, stated that "parole eligibilities are mere estimates and not guarantees and do not rise to the level of promises. * * * Representations by defense counsel about parole eligibility are at best hopeful, good faith estimates * * *." Xie in essence contends that this reasoning does not properly reflect the degree of importance he placed on parole eligibility in the plea-bargaining process. We note that a defendant who bases a plea decision on parole eligibility will often be relying on a factor beyond the prediction of defense counsel, and beyond

---

Xie actually would have been eligible for parole in a minimum time of seventeen years (fourteen years plus three years).

the actual control of a defendant.[2]

While defense counsel's advice was clearly incorrect in this case, Xie has not satisfied the standards of the *Strickland–Hill* test for ineffective assistance of counsel. To satisfy the second prong of the test, Xie must show that he would not have pleaded guilty to the reduced charge if his attorney's advice had been correct. Xie attempted to make this showing at the hearing to vacate his plea before the trial court, but was unsuccessful. The trial court considered Xie's contention at that time, and was not convinced that the misinformation justified vacation of the plea.

We decline to second-guess the trial court's finding on this question. The trial court was in a better position to evaluate the motivations behind the guilty plea than is an appellate court which is only reviewing a record of the hearing. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, though it concerned a motion to withdraw a guilty plea made after sentencing, offers guidance here. We defer to the judgment of the trial court, because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith,* 49 Ohio St.2d at 264, 3 O.O.3d at 404, 361 N.E.2d at 1326. We find no evidence of an abuse of discretion by the trial court which requires vacation of the guilty plea solely because counsel offered Xie faulty advice. We thus affirm the court of appeals' decision on the issue of ineffective assistance of counsel, but use different reasoning to reach our result.

## II

Having determined that the trial court did not abuse its discretion when it implicitly found that counsel's misinformation was not the overriding factor in Xie's decision to plead guilty, we now turn to the state's contention that the trial court did not abuse its discretion when it refused to allow Xie to withdraw his guilty plea. The state urges that the court of appeals should be reversed on that issue.

Crim.R. 32.1 reads:

---

2. A defendant who relies on a prediction of parole eligibility, whether the prediction turns out to be right or wrong, may well later be disappointed in his or her plea choice.

The correct time of seventeen years before Xie's parole eligibility was an absolute minimum figure. There was no guarantee that Xie would in fact be eligible for parole after serving seventeen years. Xie's time off for good behavior "is tentative and subject to change if he fails to maintain good behavior." Ohio Adm.Code 5120–2–05(G). In addition, other factors could also affect Xie's parole date. For example, the trial court, through a journal entry at sentencing, could have specified that Xie was not entitled to sentence diminution for good behavior. Ohio Adm.Code 5120–2–10(B). If that had occurred, Xie's earliest parole eligibility would have come after serving twenty-three years.

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Thus, the rule gives a standard by which postsentence withdrawals of guilty pleas may be evaluated—the "manifest injustice" standard. However, the rule itself gives no guidelines for a trial court to use when ruling on a presentence motion to withdraw a guilty plea. Ohio's Crim.R. 32.1 is very similar to Fed.R.Crim.P. 32(d), which was construed in *Barker v. United States* (C.A.10, 1978), 579 F.2d 1219:

"Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * * " (Citations omitted.) *Id.* at 1223, quoted in *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213–214, 22 O.O.3d 341, 343, 428 N.E.2d 863, 865.

Both the state and Xie agree that an appellate court should apply an abuse-of-discretion standard when reviewing a trial court's ruling on a motion to withdraw a guilty plea. The parties differ, however, on how the standard should be applied to the circumstances in this case.

The court of appeals found that the trial court abused its discretion because it treated Xie's motion to vacate his guilty plea as a postsentence motion. The court of appeals believed that the trial court improperly applied the "manifest injustice" standard of Crim.R. 32.1 when it ruled on Xie's motion.[3] We do not agree. There is nothing in the record to indicate that the trial court treated Xie's presentence motion as a postsentence motion which required application of the manifest injustice standard. The trial court correctly stated that presentence motions to withdraw guilty pleas are within a trial court's

---

3. The court of appeals, in determining that the trial court had incorrectly applied a postsentence plea withdrawal standard, focused on the following language from the trial court's decision:

"Although defendant technically had not been sentenced before he requested to withdraw his plea, he knew he would receive a mandatory murder sentence of not less than 15 years to life. This was not a plea of guilty to an indefinite term of imprisonment. The sentence was clear: 15 years to life imprisonment."

It is not obvious to us, although it was to the court of appeals, that the trial court applied a "manifest injustice" standard. Rather, we believe the above statement reflects just one factor among many the trial court considered when ruling on Xie's motion. The trial court then based its decision on the entire evidence before it.

discretion; nowhere does the trial court indicate that it was forcing Xie to show the existence of "manifest injustice" to be allowed to withdraw his guilty plea.

Our reading of the record does not support the court of appeals' conclusion on this issue. We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

Based on the record before us, we are unable to conclude that the trial court abused its discretion in denying Xie's motion. The court of appeals reasoned that the misinformation on parole eligibility Xie received from his counsel was the "overriding influence" on Xie's decision to plead guilty, and that because Xie clearly relied on that erroneous information, the trial court erred in not allowing him to withdraw his guilty plea. However, the trial court carefully weighed those very points, and refused to permit Xie to withdraw the plea. It is not the role of an appellate court to conduct a *de novo* review of a trial court's decision in these circumstances. We do not find that the trial court's decision was unreasonable, arbitrary or unconscionable. We therefore reverse the decision of the court of appeals that the trial court abused its discretion.

### III

The state also contends that the ruling by the trial court that Xie's guilty plea was intelligent and voluntary was correct.

The trial court points out in its decision on the motion to vacate the plea that Crim.R. 11 was scrupulously complied with, and that this ensured that Xie's plea was voluntary and intelligent, fulfilling the requirements of *North Carolina v. Alford* (1970), 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168.

In its review, the court of appeals found that Xie's decision to plead guilty was "based solely upon faulty, inaccurate information, given to defendant by

his attorney," and that that decision could not be characterized as "intelligent." It appears that the court of appeals concluded that while Xie's guilty plea may have been intelligent when made, subsequent discovery of the misinformation of counsel regarding parole eligibility rendered the plea unintelligent.

Again, our reading of the record does not support the conclusion reached by the court of appeals. The trial court thoroughly advised Xie of his rights at the time the plea was entered, and defense counsel specifically addressed the issue of parole eligibility for the offense to which Xie pleaded guilty. Later, the trial court carefully considered Xie's position at the hearing to withdraw the guilty plea, and was not convinced to vacate the plea. We decline to second-guess the trial court's judgment. *State v. Smith, supra,* 49 Ohio St.2d at 264, 3 O.O.3d at 404, 361 N.E.2d at 1326. We see no evidence of an abuse of discretion which would cause us to affirm the court of appeals on this issue, and therefore reverse that court's judgment that Xie's decision to plead guilty was unintelligent.

For the foregoing reasons, the judgment of the court of appeals is affirmed in part and reversed in part. Xie's conviction is reinstated.

*Judgment affirmed in part*
*and reversed in part.*

SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

MOYER, C.J., and H. BROWN, J., dissent.

HERBERT R. BROWN, J., dissenting. As the majority acknowledges, the defendant-appellee entered his guilty plea to a lesser charge after being misled on the number of years he would have to serve before being eligible for parole if convicted on the charge in the indictment.

Upon discovery of the error, defendant-appellee sought to withdraw his guilty plea. The motion to withdraw was made before the trial judge had imposed a sentence. The trial judge refused to allow defendant-appellee to withdraw his guilty plea.

In reversing a unanimous decision by the Franklin County Court of Appeals, the majority states, "The trial court considered Xie's [the defendant-appellee's] contention at that time, and was not convinced that the misinformation justified vacation of the plea."

"We decline to second-guess the trial court's finding on this question," the majority adds.

The problem is that the trial court in exercising its discretion applied an incorrect legal standard. It is fine to accord judicial discretion to trial judges,

but not when the factual determination is predicated on an erroneous reading of the law that controls the determination to which "judicial discretion" is being accorded.

The trial court's opinion, denying the motion to withdraw, is based upon the misconception that the defendant had to demonstrate manifest injustice in order to withdraw his plea.

The manifest injustice standard governs postsentence plea withdrawals. Where, as here, the motion to withdraw came before sentence, that motion should be freely allowed and treated with liberality. *Barker v. United States* (C.A.10, 1978), 579 F.2d 1219, 1223; *Eastlake v. DeNiro* (1984), 21 Ohio App.3d 102, 21 OBR 109, 487 N.E.2d 324; Crim.R. 32.1. The majority recognizes that "manifest injustice" was an improper standard. But the majority goes on to uphold the discretionary decision of a trial judge whose discretion was exercised under the misapprehension that "manifest injustice" was the applicable standard.

Had the trial judge applied the "freely allowed" standard instead of the "manifest injustice" standard he might well have granted the defendant-appellee's motion. Thus the majority's declination "to second-guess the trial court's finding" begs the question. The majority, to put it bluntly, has missed the issue which was presented to us: the issue upon which this case was decided (unanimously) by the Franklin County Court of Appeals.

The majority attempts to slide by the issue presented by stating that there is no evidence that the trial judge used the improper "manifest injustice" standard rather than the "freely allowed" standard. A reading of the trial court's opinion, however, belies this conclusion.

The trial judge began his analysis by observing, "Although defendant *technically* had not been sentenced * * *[,] [t]he sentence was clear [to the defendant]:* 15 years to life imprisonment." (Emphasis added.) The trial judge evidently viewed the defendant's motion to withdraw as essentially (if not technically) a postsentence motion because the defendant's sentence was definite.

After reviewing the circumstances of the defendant's plea and motion to withdraw, the trial judge concluded, "the Court finds *no constitutional or criminal rule due process violations that mandate withdrawal of defendant's plea of guilty. * * *"* (Emphasis added.) Requiring a defendant to show "constitutional or criminal due process violations" *mandating withdrawal* of the guilty plea is the same as requiring the defendant to show a "manifest injustice." The standard applied by the trial judge is a far cry from the "freely allowed" standard which Crim.R. 32.1 and *Barker, supra,* require

where the motion to withdraw is made prior to sentencing.  I would affirm the decision of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.