This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Deron Smith, appeals from the trial court's order overruling his presentence motion to withdraw his guilty plea to two counts of trafficking in cocaine, in violation of R.C. 2925.03(A). Smith entered his guilty plea pursuant to a plea bargain, negotiated by his trial attorney, which resulted in two other drug-related counts being dropped. In his sole assignment of error, Smith contends that the trial court incorrectly relied on the more stringent standard for vacating apostsentence guilty plea — that requiring a showing of "manifest injustice" under Crim.R. 32.1 — when it overruled his presentence
motion to withdraw his plea. Because we conclude that the trial court's express ruling that there was "no showing of [a] reasonable or legitimate basis to grant the motion" is sufficient to demonstrate that the trial court exercised its discretion properly, we overrule Smith's assignment of error.
Smith was indicted for three counts of trafficking in cocaine and one count of possessing cocaine. On June 30, 1999, Smith and the state agreed that, in return for his guilty plea to two trafficking counts, the state would dismiss the remaining two counts. After accepting Smith's plea and finding him guilty, the trial court ordered a presentence investigation and continued the case for sentence to July 30, 1999. On July 26, 1999, Smith, represented by new counsel, filed a motion to withdraw his guilty plea. At the hearing on the motion, Smith and his mother set forth numerous reasons why Smith wished to withdraw his plea, including (1) Smith's dissatisfaction with his former counsel's advice and unavailability, (2) Smith's alleged belief that he had pleaded guilty to one misdemeanor count involving a two-year sentence, rather than to two felony counts involving a five-to-eight-year sentence, (3) Smith's extreme emotional state when he entered the guilty plea, and (4) his mother's misguided advice, in reliance upon counsel for a co-defendant, that Smith should not got to trial.
After hearing testimony on these matters, the trial court examined the transcript of Smith's responses during the Crim.R. 11 colloquy that preceded the entry of his gulty plea. Having gone over those responses, the trial court expressly concluded that (1) Smith had, in fact, fully understood the effect of his plea and the range of potential sentences, (2) the plea bargain was of substantial benefit to Smith, as it reduced a possible thirty-year prison term to a potential maximum of eight years, and (3) Smith had expressed satisfaction with his former counsel in open court following his plea. In overruling Smith's motion, the trial court stated that it had found "no showing of [a] reasonable or legitimate basis to grant the motion. The defendant made the plea. Everything was explained to him. Now that he feels that maybe he can do better, that's just not good enough."
The trial court, however, then added, "In compliance with Rule 32, which has been put in effect to correct a manifest injustice, I find no manifest injustice here. Matter of fact, I think the attorney did his job, and Mr. Smith knowingly, intelligently and voluntarily entered his plea."
Although Crim.R. 32.1 states that a motion to withdraw a guilty plea after sentencing should be granted when necessary "to correct a manifest injustice," the rule is silent with respect to a presentence motion. While stating that a presentence motion to withdraw a plea should be "freely and liberally granted," the Ohio Supreme Court has also held that a defendant has no absolute right to withdraw a plea prior to sentence. State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719. Although such a motion is to be treated liberally, the trial court's decision is ultimately discretionary. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." Id.; State v. Spivey (1998), 81 Ohio St.3d 405,415, 692 N.E.2d 151, 160-161.
The record shows that, before accepting the plea bargain and Smith's guilty plea, the trial court conducted a thorough colloquy with Smith to assure that he understood the nature and effect of the guilty plea and the related rights afforded him under Crim.R. 11. At the time the plea was entered, the detective involved in the case was present, and there was an indication that he had participated in the thorough discussions that led to the plea agreement. Subsequently, at the hearing on Smith's motion to withdraw his plea, the trial court patiently allowed Smith and his mother to testify and his counsel to argue the grounds in support of the motion. At the conclusion of a lengthy hearing, the trial court announced detailed findings in support of its ruling. As noted, the trial court, reading from the transcript of the entry of the plea, soundly rejected Smith's claim that, at the time of his plea, he was under the belief that he was pleading to one misdemeanor with a possibility of only two year's imprisonment. Clearly the trial court felt that Smith was being disingenuous by making such a claim.
It should be noted that, prior to the hearing, Smith's new counsel informed the trial court that she had independently reviewed the evidence against Smith and that she had informed Smith that, should he be allowed to withdraw his plea, "there was a chance that he could be found guilty in front of a jury," but that there was also "some basis of possibly winning." On appeal, Smith argues extensively that a basis for the motion to withdraw the plea was the "belated discovery of a viable defense * * *." The discovery, according to Smith, occurred when his new counsel reviewed additional audiotapes involved in the case and determined that they were "far from patently incriminating (at least insofar as the drug dealing charges went.)." The tapes, however, were not admitted at the hearing on the motion to withdraw the plea, nor were any portions excerpted to demonstrate the existence of a viable defense. We hold, therefore, whatever the merit of Smith's claim of a belatedly discovered viable defense, the trial judge was not presented with any cogent evidence of its existence at the hearing.
In sum, while we agree that the trial court was in error by referring to the standard of "manifest injustice," the error was harmless in light of the trial court's statement that it found no "reasonable" or "legitimate" basis for the motion. That statement was, in our view, a sufficient reflection of the trial court's application of the more lenient standard for a presentence motion, which required only a liberal consideration of its merits. Nothing in the record remotely suggests that the action of the trial court in denying the motion was in any way unreasonable, arbitrary or unconscionable. Id at 527, 584 N.E.2d at 719.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and WINKLER, JJ.