DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Erie County Court of Common Pleas after the court denied the motion of defendant-appellant, Scott Green, to withdraw his guilty plea. Green now challenges that judgment through the following assignments of error:
 {¶ 2} "I. The trial court erred in denying appellant's motion to withdraw his plea pursuant to Criminal Rule 32.1.
 {¶ 3} "II. The trial court erred in the sentencing of defendant-appellant when the trial court sentenced defendant-appellant to his stated prison term."
 {¶ 4} On August 8, 2002, Green was indicted and charged with trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) and2925.03(C)(4)(a), a fifth degree felony. Subsequently, the Erie County Grand Jury indicted appellant on seven additional drug related charges. Those charges were: Count 2, trafficking in crack cocaine, in an amount less than one gram, within 1,000 feet of the boundaries of a school, a fourth degree felony; Count 3, trafficking in crack cocaine, in an amount greater than one gram but less than five grams, within 1,000 feet of the boundaries of a school, a third degree felony; Count 4, trafficking in crack cocaine, in an amount less than one gram, within 1,000 feet of the boundaries of a school, a fourth degree felony; Count 5, possession of crack cocaine, in an amount greater than one gram but less than five grams, a fourth degree felony; Count 6, possession of crack cocaine, in an amount less than one gram, a fifth degree felony; Count 7, trafficking in a counterfeit controlled substance within 1,000 feet of the boundaries of a school, a fourth degree felony; and Count 8, trafficking in crack cocaine, in an amount less than one gram, within 1,000 feet of the boundaries of a school, a fourth degree felony.
 {¶ 5} On December 9, 2002, appellant appeared in court and entered pleas of guilty to Count 2, an amended Count 5, Count 6, and Count 8. In exchange for his guilty plea, the state requested that the remaining four charges be dismissed. The court, consistent with Crim. R. 11, notified appellant of the constitutional rights he was forfeiting by entering the guilty pleas, and appellant affirmed his understanding of those rights. The court then accepted the pleas, found appellant guilty of the stated charges, dismissed the remaining charges and referred the matter for a presentence investigation ("PSI") and report.
 {¶ 6} Thereafter, appellant's appointed counsel, Jeffrey Whitacre, filed a motion to withdraw as counsel and requested that Melvin Saferstein, another public defender, be substituted as counsel of record. The lower court granted the motion, and on January 27, 2003, appellant, through his new attorney, filed a motion to withdraw his guilty pleas pursuant to Crim. R. 32.1. As grounds for the motion, appellant asserted that his prior counsel had been ineffective and that his plea was not entered intelligently or voluntarily. The case proceeded to a hearing on the motion to withdraw, at which appellant and his prior counsel, Jeffrey Whitacre, testified.
 {¶ 7} Appellant testified that after he entered his plea, he learned that Larry Fuqua, the head of the Erie County Probation Department, had provided information to the drug task force which led to the issuance of a search warrant being issued for his home. Appellant expressed concern that Whitacre had never told him of Fuqua's involvement and that Fuqua was the same person he would have to see for the preparation of a PSI report. Appellant asserted that if he had known he would have to report to Fuqua, he would never have pled guilty. When the court assured him, however, that the PSI report would be prepared by someone other than Fuqua, appellant insisted that Whitacre had given him poor advice. Appellant also complained that Whitacre had not provided him with copies of the discovery documents prior to the plea and that it was only after entering his plea that he saw these documents and saw Fuqua's name. Appellant further asserted that Whitacre was ineffective because appellant only saw him for court appearances. Upon cross-examination, however, appellant admitted that Whitacre had come to the jail to see him on several occasions.
 {¶ 8} Jeffrey Whitacre testified that before appellant entered his guilty pleas, he reviewed the plea form and discovery provided by the state with appellant. In reviewing the discovery with appellant, Whitacre testified that he took the buy tapes to the jail and listened to the tapes along with appellant. Before advising appellant to accept the plea agreement, Whitacre completed an investigation of the case, reviewing all of the discovery provided by the state. That discovery included a copy of the search warrant and probable cause affidavit which named Fuqua as providing information. Whitacre testified that he gave appellant copies of all of the discovery before appellant entered his plea. Whitacre further testified that the issue of Fuqua's involvement in the search warrant affidavit was raised at the bond hearing before a different judge, and that because of that involvement, the probation department's recommendations on bond were ignored. Whitacre stated that prior to the plea, he discussed the Fuqua issue with appellant and notified him that Fuqua would not be testifying in the trafficking cases.
 {¶ 9} At the conclusion of the hearing, the court denied appellant's motion to withdraw his guilty pleas. Specifically, the court found that appellant had failed to demonstrate a reasonable and legitimate basis for the withdrawal and that the court was satisfied that appellant had entered a knowing, voluntary and intelligent plea after being fully informed of all of his rights pursuant to Crim. R. 11. The court further found that Whitacre had fully reviewed the discovery with appellant prior to appellant's entering the guilty pleas. The court did note, however, that because a different judge would be sentencing appellant, the court would make sure that judge knew that Mr. Fuqua had been named in the probable cause affidavit.
 {¶ 10} On February 12, 2003, the lower court filed a judgment entry regarding the PSI. That entry reads: "By agreement of the parties and for good cause shown, Defendant's Pre-Sentence Report and Investigation shall be completed by Ottawa County (Ohio) Adult Probation Department, in lieu of it being done by the Erie County (Ohio) Adult Probation Department." The PSI report was subsequently prepared and filed by an officer of the Ottawa County Probation Department.
 {¶ 11} On March 23, 2003, the case proceeded to a sentencing hearing. After reviewing appellant's lengthy criminal history and the facts of the offenses for which he was being sentenced, the court noted that in sentencing appellant, the court considered the principles and purposes of felony sentencing. That is, the need for incapacitating the offender and deterring the offender and others from future crime, as well as rehabilitating the offender and making restitution to the victim, which in this case is the state. The court then reviewed the seriousness and recidivism factors under R.C. 2929.12. As to the seriousness factors, the court found that appellant acted as part of organized criminal activity. The court found no factors indicating that the offense was less serious. As to the recidivism factors, the court found that at the time appellant committed the offense under Count 8 of the indictment, he had been released on bond, that he has four prior felony convictions, that he has not responded favorably to previously imposed sanctions, that he has demonstrated a pattern of substance abuse, and that he has shown no genuine remorse. The court then found that a community control sanction would not be appropriate and sentenced appellant as follows. As to Count 2, trafficking in crack cocaine, a fourth degree felony, 17 months incarceration; as to the amended Count 5, complicity to possess crack cocaine, a fourth degree felony, 17 months incarceration; as to Count 6, possession of crack cocaine, a fifth degree felony, 11 months incarceration; and as to Count 8, trafficking in crack cocaine, a fourth degree felony, 17 months incarceration. The court then found that prison terms were necessary to protect the public and to punish appellant and that appellant was not amenable to community control sanctions. Finally, the court found that consecutive sentences were called for in this case. Specifically, the court found that consecutive service was necessary to protect the public from future crime and was not disproportionate to the seriousness of appellant's conduct and the danger he poses to society. In addition, the court found that multiple offenses were committed while appellant was awaiting trial and that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public. The court then ordered that the sentences on Counts 2, 5 and 8 would run consecutively to each other and concurrent with the sentence on Count 6. Thereafter, the court filed a judgment entry of sentence consistent with the sentence pronounced at the hearing. It is from that judgment that appellant now appeals.
 {¶ 12} In his first assignment of error, appellant contests the trial court's denial of his motion to withdraw his guilty pleas.
 {¶ 13} Crim. R. 32.1 provides:
 {¶ 14} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 15} Generally, motions to withdraw guilty pleas are to be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521, 526. The court in Xie, however, indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. Further, the court in Xie held that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. Thus, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." Id. at 527.
 {¶ 16} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995), 104 Ohio App.3d 236, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim. R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102,103.
 {¶ 17} Applying the above factors to the present case, we conclude that there is no evidence that the state would be unfairly prejudiced by a grant of the motion and that the motion was made within a reasonable time. Nevertheless, appellant was given a full Crim. R. 11 hearing when he entered his guilty pleas and was fully informed of the rights he was forfeiting by entering those pleas. When he entered those pleas, he stated that he was pleading guilty to those offenses because he committed those offenses. It therefore cannot be said that appellant was perhaps not guilty or had a complete defense to the crimes. Similarly, from the face of the record, it cannot be said that appellant did not understand the nature of the charges against him and the possible penalties he faced. Appellant was initially charged with 8 felony drug offenses and faced a maximum possible sentence of 14½ years in prison. His initial trial counsel, Jeffrey Whitacre, testified at the hearing below that he thoroughly evaluated the case, reviewed all of the evidence and worked out a plea agreement. Under the terms of that agreement, appellant faced a maximum possible sentence of four and one-half years in prison. The lower court expressly stated that Whitacre had extensive experience in handling criminal cases and found him to be competent counsel. Continuing, appellant was provided a full hearing on his motion to withdraw. Although the motion itself does not fully articulate the basis for the motion, at the hearing below, appellant was given ample opportunity to explain his concerns about Whitacre and Fugua. The lower court took appellant's concerns seriously and made sure that Fuqua would not be involved in preparing or overseeing the PSI in this matter.
 {¶ 18} In light of all of these factors, we cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his guilty pleas and the first assignment of error is not well-taken.
 {¶ 19} In his second assignment of error, appellant challenges the consecutive nature of the sentences imposed by the trial court. Specifically, appellant asserts that the court failed to make the findings required to justify consecutive sentences.
 {¶ 20} At the outset, we note that a defendant who is convicted of a felony may appeal a prison sentence that was imposed on the ground that the sentence is contrary to law. R.C. 2953.08(A)(4). In reviewing such a sentence, the appellate court may increase, reduce or otherwise modify the sentence and remand the matter for resentencing where it is established by clear and convincing evidence that the sentence is contrary to law or that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(E) or R.C. 2929.20(H), whichever is relevant. Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 21} R.C. 2929.14(E)(4), which governs consecutive sentencing, provides:
 {¶ 22} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 23} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 24} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 25} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 26} In addition, R.C. 2929.19(B)(2), which governs sentencing hearings, provides:
 {¶ 27} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 28} "* * *
 {¶ 29} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 30} The Supreme Court of Ohio has interpreted these sections to mean that a court ordering consecutive sentences must, at the sentencing hearing, make the findings required by R.C. 2929.14 and give its reasons for the findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20. The court in Comer explained: "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at ¶ 21.
 {¶ 31} At the sentencing hearing below, the court found that that consecutive service was necessary to protect the public from future crime and that it was not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public. In addition the court found that appellant committed one or more offenses while awaiting trial. Finally, the court found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crimes. Prior to this finding, the court, on several occasions during the sentencing hearing, focused on appellant's lengthy history of criminal conduct, which dated back to 1975, and noted that nearly all of his contacts with the law were drug related.
 {¶ 32} Upon review of the sentencing hearing below, we find that the trial court made the necessary findings to support its order of consecutive sentences and appropriately set forth its reasons for its findings. The second assignment of error is not well-taken.
 {¶ 33} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J. concur.