DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Kevin Kimpel, appeals the denial of his motion to withdraw his guilty pleas in the Williams County Court of Common Pleas. Because we conclude that the trial court acted within its discretion, we affirm.
 {¶ 2} On August 19, 2006, police officers responded to a report that a physical altercation between appellant and his girlfriend's ex-boyfriend had occurred at the *Page 2 
ex-boyfriend's home. According to the ex-boyfriend, appellant and he had engaged in a verbal argument over the telephone. Following the conversation, according to appellant, he went to the ex-boyfriend's house "to talk." The ex-boyfriend told police that upon arrival, appellant forced open the door and entered his residence, causing damage to his door. Appellant disputes this, maintaining that the ex-boyfriend opened his door and started attacking him. Both parties agree that a fight ensued. Police photographs of the ex-boyfriend reveal two black eyes, numerous cuts on his face, and a bite mark below his armpit. After the altercation, officers found appellant's hat and sunglass inside the ex-boyfriend's home. Appellant denied ever entering the ex-boyfriend's home.
 {¶ 3} In a separate incident, on November 29, 2006, police responded to a domestic violence call at appellant's home. There, officers noted a large scrape on the right elbow of appellant's live-in girlfriend. Additionally, both of her knees were swollen and red, she had red marks on her neck, a bruise on her chest, and a golf ball sized knot on the right side of her head. The girlfriend told police that appellant grabbed her by the throat several times, threw her onto the cement floor, across the washer and dryer and continued to choke her until she could no longer breathe. According to the girlfriend, appellant let her go before she passed out.
 {¶ 4} On December 20, 2006, appellant was indicted by a William County grand jury on three counts: domestic violence, aggravated burglary, felonious assault. The charge of domestic violence resulted from assault on his live-in girlfriend. The charges *Page 3 
of aggravated burglary and felonious assault resulted from the fight between appellant and his girlfriend's ex-boyfriend.
 {¶ 5} Appellant pled not guilty but, following plea negotiations, agreed to plead guilty to domestic violence, attempted aggravated burglary and aggravated assault, with the state's recommendation that the sentences for these offenses run concurrently, for a total of seven years imprisonment.
 {¶ 6} On February 6, 2006, in accordance with Crim.R. 11, the trial court accepted appellant's guilty pleas, and found appellant guilty of domestic violence, attempted aggravated burglary, and aggravated assault.
 {¶ 7} On March 1, 2006, appellant replaced his original counsel and filed a presentence motion to withdraw his guilty pleas to all three counts.
 {¶ 8} On March 19, 2006, the trial court held a hearing and denied appellant's motion.
 {¶ 9} On April 5, 2006, the trial court sentenced appellant to seven years incarceration in conformity with the state's recommendation. Appellant now appeals the trial court's denial of his motion to withdraw guilty plea, setting forth the following single assignment to error:
 {¶ 10} "The Trial Court should have granted the defense Motion to Withdraw Plea, filed before sentencing."
 {¶ 11} A presentence motion to withdraw a plea of guilty should be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521,526. A defendant, however, *Page 4 
does not have an absolute right to withdraw a guilty plea prior to sentencing. There must be a reasonable and legitimate basis for the withdrawal of the plea. Id. at paragraph one of the syllabus. The decision to grant or deny a defendant's motion lies within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Absent an abuse of discretion, the decision of the trial court must be affirmed. Id. at 527. In order to find an abuse of discretion, a reviewing court must find more than error; the reviewing court "must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.'" Id., quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 12} To determine whether a trial court abused its discretion, we look to, inter alia, "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Dellinger, 6th Dist. No. H-02-007, 2002-Ohio-4652, ¶ 18; quoting State v. Griffin (2001),141 Ohio App.3d 551, 554.
 {¶ 13} On appeal, appellant argues he did not knowingly and voluntarily enter his guilty plea due to incomplete Crim.R. 11 advice, and that he was afforded ineffective assistance of counsel. *Page 5 
 {¶ 14} To determine whether an appellant entered guilty pleas in reliance on ineffective assistance of counsel, the Supreme Court of Ohio uses the two-prong test set forth in Strickland v. Washington (1984),466 U.S. 668. Xie, 62 Ohio St.3d at 524; see, also, Hill v.Lockhart (1985), 474 U.S. 52 (United States Supreme Court applying the Strickland test to guilty pleas). First, the appellant "must show that counsel's performance was deficient." Xie, at 524; Strickland, at 687;Hill, at 57. "Second, `the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *.'" Xie, at 524; quoting Hill, at 59; seeStrickland, at 687.
 {¶ 15} Regarding the domestic violence charge, appellant does not contest his guilt. Rather, he argues that his original counsel failed to inform him that his domestic violence charge could potentially be declared unconstitutional in an ongoing Ohio Supreme Court case. SeeIn re Ohio Domestic-Violence Statute Cases, 114 Ohio St.3d 430,2007-Ohio-4552.
 {¶ 16} Appellant's argument is without merit. Appellate courts are bound by their own precedent until reversed by the Supreme Court of Ohio. See State v. Brown, 8th Dist. No. 87651, 2006-Ohio-6267,¶ 47; Gray v. Estate of Barry (1995), 101 Ohio App.3d 764, 767. Counsel's advice was premised on the law as it existed. This does not constitute deficient performance.
 {¶ 17} With respect to the aggravated burglary and felonious assault charges, appellant argues that his original counsel's failure to provide him with exact statutory *Page 6 
definitions renders his assistance ineffective. Appellant argues that he did not know the statutory definition of "occupied structure," and therefore he "was never informed that Aggravated Burglary [sic] requires more than trespassing upon the lands of another, requiring [sic] trespassing in the structure of another." Regarding felonious assault, appellant asserts that his plea was not knowingly and voluntarily made because his original counsel never advised him of the statutory definition of "serious physical harm," a statutory element of felonious assault.
 {¶ 18} "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Sanders (2002), 94 Ohio St.3d 150, 151; quotingStrickland, 466 U.S. at 689. Therefore, we are compelled by theStrickland standard to apply a "heavy measure of deference to counsel's judgments." Sanders, at 151, quoting Strickland, at 691. In our view, absent any additional evidence, an alleged failure to disclose anexact statutory definition in this matter did not render counsel's assistance deficient.
 {¶ 19} Appellant next argues that he received incomplete Crim.R. 11 advice. We find no support in the record for this assertion. During the hearing, the trial court asked appellant introductory questions, including whether he had taken any substances that would affect his comprehension, whether he felt under any duress to plead guilty, whether his attorney answered his questions, and whether he was satisfied with his attorney. The court then asked if appellant understood each charge, and explained the possible maximum sentences related to each charge. The court informed appellant of his *Page 7 
constitutional rights, and that his guilty pleas waived these constitutional rights. Appellant affirmatively responded to every statement and question directed to him. Appellant needed no clarification during the hearing. There is no suggestion in the plea colloquy that appellant's plea was other than knowingly and voluntarily entered.
 {¶ 20} Lastly, appellant argues that he was "actually innocent" of each charge as indicted. The record belies this assertion. During the plea colloquy, the court asked, "[Do] you understand that by your guilty pleas to those three counts that you are admitting that you have committed those offenses?" Appellant responded. "[y]es, sir." Thus, appellant stated that he was pleading guilty to those offenses because he committed those offenses. See State v. Green, 6th Dist. No. E-03-020,2005-Ohio-5256, ¶ 17. "[A] change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea." Id., quotingState v. Lambros (1988), 44 Ohio App.3d. 102,103.
 {¶ 21} Upon consideration of the foregoing, a review of the record and the Dellinger factors, we conclude that appellant asserted no reasonable and legitimate basis for withdrawing his guilty pleas. Xie, supra. Accordingly, the trial court acted within its discretion in denying appellant's motion. Appellant's sole assignment to error is not well-taken.
 {¶ 22} On consideration whereof, this court affirms the judgment of the Williams County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the *Page 8 
record, fees allowed by law, and the fee for filing the appeals is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1