[Cite as *State v. Whaley*, 2019-Ohio-3933.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                    Court of Appeals No. WM-18-009

     Appellee                                Trial Court No. 18CR000123

v.

Travis T. Whaley                          **DECISION AND JUDGMENT**

     Appellant                               Decided:  September 27, 2019

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney, and
Stacey S. Stiriz, Assistant Prosecuting Attorney, for appellee.

Abigail L. Wurm, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} This is an appeal from the Williams County Court of Common Pleas,  which denied the motion to withdraw guilty plea of appellant Travis Whaley, and sentenced him to a five-year prison term for felonious assault, in violation of R.C. 2903.11(A)(1)(D)(a), a felony of the second degree.  Finding no error in the trial court's decision, we affirm.

## A. Background

{¶ 2} On April 27, 2018, Whaley traveled to Toledo to purchase drugs, accompanied by Troy Smith, Vicky Sauceda, and Vicky's boyfriend, June. Vicky drove the group in her car. On the drive back, Whaley injected himself with drugs, and by his own admission, forced the drugs on Troy. When Troy exhibited signs of overdose, Whaley performed CPR in the car for 45 minutes, until they reached Whaley's home. Whaley and Vicky then placed Troy in a bathtub, and Whaley's father called 911. Whaley and Vicky fled the house before police and EMS arrived. Troy was revived, and survived.

{¶ 3} The next day, Whaley discussed the incident in a phone call with his girlfriend, Jessica Conrad. The call was recorded, because Jessica was an inmate at CCNO at the time. Whaley told Jessica that "Troy tried snitching on me and I found the thing on him." He also admitted, "I took him to Toledo and I came out with the dope. With a ball of heroin and he wouldn't get high. He won't do it Jess so I made him do it and when I made him do it, he OD'd and died."

{¶ 4} Troy also discussed the incident in a phone call with a third party, days later. That phone call was also recorded, because Troy was an inmate at CCNO.[1] Troy stated he fell asleep in the car, and Whaley injected him with the drugs and took his money and phone. When asked whether the drug used was fentanyl, Troy responded, "Yes. That's

---

[1] The record does not indicate why Troy was in custody.

what the dumbass is doing when I fell asleep. I didn't know it." Troy's account in the phone call matched his subsequent statement to police.

{¶ 5} On June 19, 2018, the Williams County Grand Jury indicted Whaley, charging him in Count 1, corrupting another with drugs, a felony of the second degree, and in Count 2, of felonious assault, a felony of the second degree. The charges arose from the forced injection of Troy, resulting in his overdose and near death. Whaley was arraigned, and remained free on bond.

{¶ 6} Whaley received pretrial discovery, including the recorded phone calls and statements. Prior to the scheduled October 1, 2018 trial date, Whaley agreed to a negotiated plea to avoid the mandatory prison term that he would face for conviction on Count 1, corrupting another with drugs. On September 19, 2018, in exchange for the prosecution dismissing Count 1, which carried a mandatory prison term if convicted, Whaley entered a guilty plea to Count 2, felonious assault.[2]

{¶ 7} Prior to accepting the plea, the trial court conducted extensive inquiry of Whaley to ensure he entered his plea knowingly, intelligently, and voluntarily. As part of the colloquy between Whaley and the trial court, Whaley acknowledged he was satisfied with his counsel's work on the case and with his advice, and understood the guilty plea

---

[2] At the plea hearing, the state also indicated it would argue in favor of a prison term, but would not pursue a specific prison term. The written plea agreement, journalized by the trial court, contained no such provision, and at sentencing, the state argued in favor of a six-year prison term. Whaley asserts no error based on any breach of the plea agreement by the state, and regardless, the trial court did not follow the state's recommendation, as evidenced by the record.

3.

was a complete admission of the facts and allegations regarding the charge of felonious assault. The trial court accepted the plea and found Whaley guilty of felonious assault, in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree. The trial court continued sentencing to October 22, 2018, and ordered Whlaley to report for a presentence investigation interview.

{¶ 8} On September 26, 2018, the trial court revoked Whaley's bond after he failed to appear for a presentence investigation interview. A bench warrant issued, and Whaley was taken into custody on October 2, 2018.

{¶ 9} On October 19, 2018, Whaley filed a motion, seeking to withdraw his guilty plea and requesting a hearing to demonstrate the basis for the motion. The trial court vacated the sentencing hearing, and granted Whaley additional time to file a memorandum in support of his motion. On October 29, 2018, Whaley filed his memorandum in support, arguing his counsel was unable to interview the victim, Troy, prior to entering his plea, but subsequently learned that Troy "did not remember" who administered the drugs to him, and despite other evidence of his guilt, Whaley maintained his innocence. Therefore, Whaley argued, there was a reasonable and legitimate basis to permit him to withdraw his guilty plea.

{¶ 10} On November 5, 2018, the state filed an objection to Whaley's motion, arguing Whaley fully understood the charges and potential sentence, and despite claims of innocence, entered a guilty plea rather than an *Alford* plea. As to the evidence, the

4.

state noted that Whaley failed to acknowledge his own incriminating statements that amounted to a confession.

{¶ 11} On November 8, 2018, the trial court held a hearing on the motion. Whaley, through his counsel, argued a change in evidence from the date he entered his plea until the date of his motion, based on a statement attributed to Troy that he did not remember who injected him. Whaley testified at hearing, asserting, "what is said ain't really what happened." Despite incriminating recordings received by Whaley in discovery, prior to his plea, Whaley argued that a potential change in Troy's testimony, and potential testimony by the driver of the vehicle, Vicky, provided a complete and total defense to the charges. The state opposed the motion, and argued that Whaley's recorded confession negated any claim of a complete defense.

{¶ 12} The trial court reviewed a transcript of the recorded statements, submitted by stipulation of the parties as a joint exhibit. After considering the motion and objection, the testimony, the joint exhibit, and applicable law, the trial court denied the motion by written opinion, concluding Whaley failed to establish "that he is 'perhaps' not guilty or that he has a complete defense to the charge. His own words tell us otherwise."

{¶ 13} On November 14, 2018, the trial court held a sentencing hearing. The state argued in favor of a six-year prison term. Whaley's counsel acknowledged the presumption for a prison term and Whaley's criminal history, but requested community control and drug treatment instead of prison. Whaley spoke on his own behalf, and continued to claim Troy injected himself with the drugs. Whaley also argued in favor of

5.

drug treatment rather than prison. The trial court engaged in the following exchange with Whaley:

THE COURT: So I'm pleased to hear maybe you've reached the point in your life where there's no place to go but up. But that doesn't minimize what you've been convicted of. I feel like we're dancing. You said you didn't inject the victim of this offense. You've injected others in the past but that's not what you're charged with here. But you still have entered a knowing and voluntary plea to felonious assault.

So my difficulty right now is selecting the appropriate term of your period of imprisonment because you've not overcome the presumption of prison. So the Court must decide whether to impose a maximum period of imprisonment of eight (8) years or the minimum or something in between. And an important factor in my mind is to look at remorse. So I want you to give it some thought. You might want to talk with [your attorney]. I want you to tell me exactly what happened that particular night. If it's the same stories you just told me, that's fine but I want to hear it again. What exactly happened?

WHALEY: Your Honor, on that night, Troy had texted me and was asking about going to Toledo. Your Honor, I didn't have no money. No one, no one had no money. The driver didn't have no money. Troy said that he would pay for gas if we went. By no means I'm not blaming him,

by no means whatsoever.  He was my friend.  He was walking from McDonald to Aces Corners in which that night, he said when we had picked him up, he had food and wanted to be taken to a friend's house first.

THE COURT:  My question for you, I understand the preliminaries. My question is, did you administer the heroin to your friend or not?

WHALEY:  No, I did not Your Honor.

THE COURT:  Alright, have a seat.

{¶ 14} The trial court plainly indicated to Whaley that remorse was an important consideration, and Whaley continued to blame the victim without confronting his own, recorded statement, confessing to the assault.  After articulating consideration of the factors under R.C. 2929.11 and 2929.12, the trial court found Whaley not amenable to community control and imposed a five-year prison term for Count 2 of the indictment, felonious assault.  The state dismissed Count 1 pursuant to the plea agreement.  Whaley then filed the present appeal, challenging the trial court's decision in denying his motion to withdraw his guilty plea, and asserting the following assignments of error:

I.  THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.

II.  APPELLANT DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL IN HIS REQUEST TO WITHDRAW GUILTY PLEA.

## B. Analysis

{¶ 15} In his first assignment of error, Whaley challenges the trial court's denial of his presentence motion to withdraw his guilty plea. A motion to withdraw a plea of guilty "may be made only before sentence is imposed" and, generally, is to "be freely and liberally granted." *State x. Xie,* 62 Ohio St.3d 521, 526-527, 584 N.E.2d 715 (1992); Crim.R. 32.1. "Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.* at 527. We review a trial court's decision regarding withdrawal of a plea for an abuse of discretion, and will affirm unless we find the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Id.,* citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 16} To prevail on a Crim. R. 32.1 motion to withdraw a guilty plea, a criminal defendant must demonstrate a "reasonable and legitimate basis." *Xie* at 527. A trial court must conduct a hearing, prior to ruling, to decide whether such basis exists. *Id.* Some of the factors a trial court considers, relative to a presentence motion, are as follows:

> (1) whether the state will be prejudiced by withdrawal; (2) the
> representation afforded to the defendant by counsel; (3) the extent of the
> Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to
> withdraw; (5) whether the trial court gave full and fair consideration to the
> motion; (6) whether the timing of the motion was reasonable; (7) the
> reasons for the motion; (8) whether the defendant understood the nature of

8.

the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Griffin,* 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001).

{¶ 17} Whaley acknowledges the fact that the trial court held a proper Crim.R.11 hearing, and at the time of plea, he believed a guilty plea to be in his best interest. Whaley also acknowledges the trial court held a hearing on his motion. He argues his motion was timely and presented no prejudice to the state, and stated reasons for withdrawal. As to his representation, Whaley argues that his trial counsel failed to provide effective assistance in pursuing his motion to withdraw his guilty plea, and failed to explore all possible defenses in counseling Whaley to enter into the plea.[3]

{¶ 18} As to the final factor, Whaley argues that he agreed to plead guilty based on Troy's statement that Whaley injected him, and with Troy no longer certain who injected him, Whaley was "perhaps not guilty or had a complete defense to the charge." Whaley also argues that other occupants of the car might have testified in his favor. In denying his motion, however, the trial court focused on evidence Whaley completely ignored in his argument in support of his motion, his taped conversation with his girlfriend in which he admitted he forced Troy to take the drugs.

---

[3] Whaley did not address whether he "understood the nature of the charge and potential sentences" in this appeal, and the record demonstrates Whaley understood that, by entering a guilty plea to felonious assault, the state would dismiss the charge carrying a mandatory prison term.

9.

{¶ 19} This is not a case in which Whaley argued he did not knowingly enter his plea because he should have been charged with a lesser offense based on his taped confession. *See, e.g., State v. Simpson,* 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 13-14 (defendant wanted to withdraw plea to murder in order to seek a voluntary manslaughter instruction at trial, based on taped statement that he "snapped" when girlfriend said she was leaving him). This is also not a case in which Whaley recanted or even disputed his taped confession. *See, e.g., State v. Mhoon,* 8th Dist. Cuyahoga No. 98832, 2013-Ohio-2090, ¶ 40 (defendant argued he falsely confessed in a letter to the juvenile court, but failed to raise claims of innocence prior to plea hearing). Instead, this is a case in which Whaley pretended—and continues to pretend—his taped statements do not exist.

{¶ 20} The trial court noted the main issue raised by Whaley in his motion, his complete defense to the charge, and carefully considered this issue along with the statements submitted within the parties' joint exhibit. The trial court concluded that a change of heart provided the true basis for Whaley's motion, and therefore, Whaley failed to demonstrate a reasonable basis or that he had a complete defense. It is well-settled law that a change of heart is not a reasonable basis for permitting a defendant to withdraw a guilty plea. *State v. Kimpel*, 6th Dist. Williams No. WM-07-008, 2007-Ohio-6129, ¶ 20, quoting *State v. Green*, 6th Dist. Erie No. E-03-020, 2005-Ohio-5256, ¶ 17, quoting *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

10.

**{¶ 21}** In reviewing the trial court's determination regarding a change of heart, we find this ruling was not unreasonable, arbitrary, or unconscionable. Therefore, we find no abuse of discretion by the trial court in denying Whaley's motion. Whaley's first assignment of error, accordingly, is not well-taken.

**{¶ 22}** In his second assignment of error, Whaley argues that his counsel provided ineffective assistance relative to his motion to withdraw his guilty plea. The right to effective assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, as well as the Ohio Constitution, Article I, Section 10.

**{¶ 23}** To prevail on a claim of ineffective assistance of counsel, Whaley must demonstrate that his trial counsel's conduct "fell below an objective standard of reasonableness," based on "prevailing professional norms." *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 132, quoting *Strickland v. Wash*ington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A defendant arguing that he should be allowed to withdraw a guilty plea due to the ineffective assistance of counsel must show that the alleged ineffective assistance precluded the defendant from entering a knowing and voluntary plea." *State v. Strong*, 6th Dist. Wood No. WD-08-009, 2009-Ohio-1528, ¶ 33, citing *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 54-55. In other words, Whaley must show that, but for his counsel's errors, he would not have agreed to plead guilty. *State v. Kimpel*, 6th Dist. Williams No. WM-07-008, 2007-Ohio-6129, ¶ 14, quoting *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715 (additional citations omitted).

11.

{¶ 24} Whaley argues his counsel was ineffective in failing to secure testimony prior to the plea, and again in failing to secure testimony for hearing on his motion to withdraw the guilty plea. In support, Whaley relies on claims he learned of new witnesses after he entered his guilty plea. These "new" witnesses, however, included Vicky and Troy, individuals known to Whaley prior to the plea. In its colloquy with Whaley at the plea hearing, the trial court specifically addressed the possibility of calling supporting witnesses or cross-examining the state's witnesses.

> THE COURT: At a trial, [your attorney] would have the opportunity to subpoena witnesses to come into this Courtroom to testify for you. But because of your plea today, you're waiving your right to compulsory process of witnesses. * * *
>
> Also at a trial [your attorney] would have the opportunity to cross-examine all of the State's witnesses called into this Courtroom to testify against you. But because of your plea today, you're waiving your right to cross examination of witnesses. Do you understand that?
>
> WHALEY: Yes, Your Honor.

{¶ 25} The record indicates Whaley knew of all potential witnesses, prior to his plea, and he agreed to plead guilty to felonious assault in exchange for the state dismissing the charge for corrupting another with drugs, which carried a mandatory prison term upon conviction. Furthermore, in claiming that "new" witness testimony, previously unknown, would have changed his decision to enter a guilty plea, Whaley

once more ignores his own, recorded statements, in which he admitted to forcing the drugs on Troy.

{¶ 26} Despite this recorded admission by Whaley, his counsel negotiated a plea that halved Whaley's charges, and secured dismissal of the charge that carried a mandatory prison sentence. Furthermore, while Whaley characterizes Troy's subsequent memory lapse as "recanting" his prior statement, even without Troy's testimony identifying Whaley as his assailant, the state possessed Whaley's own, recorded statement admitting to the assault. Significantly, Whaley fails to demonstrate that any potential witness, unexplored by his trial counsel, could provide testimony that would have neutralized his admission of guilt.

{¶ 27} Considering the record, Whaley's trial counsel made substantial efforts on his behalf, both before his guilty plea and after the plea in raising the issue of Troy's potential changed recollection. While not successful, trial counsel was nonetheless effective. Accordingly, Whaley failed to demonstrate that his trial counsel provided ineffective assistance, either prior to plea or in seeking to withdraw the plea. Whaley's second assignment of error, therefore, is not well-taken.

### C. **Conclusion**

{¶ 28} Finding no error, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                   _____
                                                                            JUDGE

Thomas J. Osowik, J.

                                                   _____

Gene A. Zmuda, J.                                                      JUDGE
CONCUR.

                                                   _____
                                                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.