[Cite as *State v. Perkins*, 2023-Ohio-139.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICTW
LUCAS COUNTY

State of Ohio                                         Court of Appeals No.  L-22-1062

　　　Appellee                                    Trial Court No.  CR0202101165

v.

Derrick Perkins, Jr.                            **DECISION AND JUDGMENT**

　　　Appellant                                  Decided:  January 18, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**ZMUDA, J.**

## I.    Introduction

**{¶ 1}** Appellant, Derrick Perkins, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to an indefinite period of five to seven and one-half years in prison after he pled guilty to one count of aggravated robbery.  Finding no error in the proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On February 1, 2021, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), a felony of the first degree, four counts of robbery in violation of R.C. 2911.02(A)(2) and (B), felonies of the second degree, and one count of receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the fourth degree. These charges stemmed from five separate incidents that occurred in December 2020, and January 2021.

{¶ 3} On February 10, 2021, appellant appeared before the trial court via videoconferencing for arraignment and entered a plea of not guilty to the aforementioned charges. The matter then proceeded through pretrial discovery and motion practice. After receiving notice of a plea agreement between appellant and the state, the trial court held a change of plea hearing via videoconferencing on July 20, 2021.

{¶ 4} At the outset of the hearing, the state explained to the trial court its understanding that appellant planned to withdraw his original plea of not guilty and enter a guilty plea to aggravated robbery in exchange for the state's dismissal of all remaining charges contained in the indictment. The trial court confirmed the arrangement with appellant's trial counsel, and then conducted a thorough Crim.R. 11 colloquy. At the end of the colloquy, the state articulated the factual basis for the aggravated robbery charge, as follows:

> State witnesses would have testified that on December 16, 2020, at
> Circle K located at 3819 Haverhill Drive, located here, in Toledo, Lucas

2.

County, Ohio, that the Defendant, later identified as Derrick Perkins, did enter this Circle K and ask for a Black and Mild. He then passed money to the store clerk that was operating the register and then waited for the register to open, when he jumped over the counter, pulled a knife and threatened the store clerk and stole $52 from the register. In addition, this incident was captured on store surveillance cameras, too, as well.

In addition, State's witnesses and the evidence would have also shown that this robbery was linked to numerous other robberies occurring here in Toledo, Lucas County, Ohio * * *.

{¶ 5} After the state finished its recitation of the factual predicate for the aggravated robbery charge, the trial court asked appellant if he had a chance to review the written plea form and discuss it with defense counsel. He responded in the affirmative. Thereafter, the trial court accepted appellant's guilty plea. The court then ordered the preparation of a presentence investigation report and continued the matter for sentencing at a later date.

{¶ 6} Appellant's sentencing hearing was conducted on August 13, 2021. At the hearing, the trial court indicated its review of the presentence investigation report as well as its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Ultimately, the trial court ordered appellant to serve an indefinite prison term of five to seven and one-half years.

3.

{¶ 7} Several months later, on March 14, 2022, appellant filed a motion for delayed appeal with this court. We granted the motion on April 8, 2022, and the matter is now decisional.

### B. Assignment of Error

{¶ 8} On appeal, appellant assigns the following error for our review:

1. The acts and omissions of trial counsel deprived Appellant of his right to effective assistance of counsel in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 and Section 16 of the Ohio Constitution.

### II. Analysis

{¶ 9} In his sole assignment of error, appellant argues that he was deprived of the effective assistance of trial counsel.

{¶ 10} To demonstrate ineffective assistance of counsel, appellant must first show that trial counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because "effective assistance" may involve different approaches or strategies, our scrutiny of trial counsel's performance "must be highly deferential" with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689.

4.

{¶ 11} Should appellant demonstrate his trial counsel's performance was defective, he must then show that prejudice resulted. *Bradley* at paragraph two of the syllabus. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. In the context of a guilty plea, this means that the defendant must show "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]'" *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 12} Here, appellant argues that his trial counsel was ineffective for failing to provide him with an opportunity to review the state's discovery containing the video surveillance evidence cited by the state at the time of the plea hearing. Appellant maintains that he was not able to review the state's video evidence before entering his guilty plea, and he summarily asserts that he "was prejudiced by his counsel's deficient performance and the result of this case would have had a different outcome."

{¶ 13} Relevant to appellant's argument concerning the surveillance videos, trial counsel stated the following at a pretrial on June 23, 2021:

> Your Honor, I have to apologize to both Mr. Perkins and the Court. Due to a technical issue, I have not been able to get the videos to Mr. Perkins to see. They are videos that are critical for him to review to make a determination on how he wants to proceed. The technical issue is they are

5.

not playing on my laptop, so I'm trying to figure out arrangements since that's the only way we can get him to view them at the jail. * * * The videos do work. I've been able to view them, but he needs to see them as well to be able to make an intelligent decision on how he wants to proceed.

{¶ 14} At a pretrial two weeks later, on July 7, 2021, trial counsel reminded the trial court that it had "continued the case so I could speak to Mr. Perkins. I had the opportunity to speak with him yesterday." Nothing further was stated as to whether trial counsel reviewed the state's video evidence during his meeting with appellant. Moreover, the remainder of the record sheds no further light on this issue.

{¶ 15} Upon our review of the entire record in this case, we find no evidence to support appellant's claim that he was unable to review the state's video evidence prior to entering his guilty plea. On the contrary, trial counsel's statements to the trial court during the July 7, 2021 pretrial suggest that trial counsel met with appellant. This is significant because at the pretrial two weeks prior, trial counsel asked for a continuance for one reason: to enable him to meet with appellant and show appellant the video evidence. At the July 7, 2021 pretrial, trial counsel confirmed that he did, in fact, meet with appellant. Trial counsel did not voice further concerns as to whether he was able to show the video evidence to appellant during the meeting. Moreover, appellant did not complain that he was unable to view the video evidence or raise any issues on that basis.

{¶ 16} To be fair, trial counsel did not explicitly indicate at the July 7, 2021 pretrial that he showed appellant the video evidence during their meeting. However,

6.

since the proceedings were specifically continued so that trial counsel could have an opportunity to show appellant the video evidence, and since trial counsel and appellant were both silent as to any issues with viewing the video evidence, it logically follows that the video evidence was shown to appellant before he agreed to enter his guilty plea or, at a minimum, that viewing the video evidence was not an important factor in appellant's plea decision.

{¶ 17} Further, as noted above, to prevail on his ineffective assistance argument in this appeal, appellant must show that there is a reasonable probability that he would not have entered his guilty plea if his trial counsel had provided him with the state's discovery, including the video surveillance evidence from the Circle K gas station.  In his brief to this court, appellant does not articulate how he was impacted by his alleged inability to review the state's video evidence.  He fails to even assert, let alone establish, that he would not have pled guilty but for trial counsel's alleged failure to disclose the state's discovery.  For this reason alone, appellant's ineffective assistance argument fails. *See State v. Hawks*, 12th Dist. Warren Nos. CA2021-11-103, CA2021-11-104, 2022-Ohio-4137, ¶ 33 (finding that ineffective assistance argument premised upon trial counsel's failure to review the state's discovery prior to a guilty plea was without merit

where the defendant "did not even attempt" to show that he would not have entered a guilty plea but for his counsel's errors).[1]

{¶ 18} We note that the Ohio Supreme Court, in *State v. Barnes*, --- Ohio St.3d ----, 2022-Ohio-4486, --- N.E.3d ----, recently examined a criminal defendant's complaint that he was not apprised of video evidence prior to entering a plea. There, the court held that "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." *Id.* at ¶ 24. *Barnes* involved a challenge to the trial court's denial of a presentence motion to withdraw a guilty plea, and the question for the court was whether the defendant's inability to view potentially exculpatory video evidence rendered his guilty plea unknowing, involuntary, or unintelligent. The defendant in *Barnes* maintained his innocence throughout the entirety of the trial proceedings and the video evidence, which was part of the record, "corroborated his self-defense claim." *Id.* at ¶ 26.

{¶ 19} Here, by contrast, appellant challenges not the knowing, voluntary, and intelligent nature of his plea, but rather the effectiveness of his trial counsel. Additionally, appellant did not maintain his innocence in the trial court, nor does he demonstrate how such innocence is indicated by the video surveillance evidence. For these reasons, *Barnes* is distinguishable from this case.

---

[1] The video surveillance evidence at issue in this appeal is not part of the record. Thus, we are unable to review it and ascertain whether it could have been helpful to appellant's defense in any meaningful manner.

8.

**{¶ 20}** In sum, the record contradicts appellant's claim that trial counsel failed to review the state's evidence with him before he entered his guilty plea. Thus, we do not find that trial counsel was deficient. Furthermore, appellant does not articulate how he was prejudiced by trial counsel's alleged failure to review the video evidence with him. Therefore, appellant has failed to establish either of the two prongs of the *Strickland* test and his ineffective assistance argument is without merit.

**{¶ 21}** Accordingly, appellant's sole assignment of error is not well-taken.

### III.     Conclusion

**{¶ 22}** In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.              _____
                                                                JUDGE

Gene A. Zmuda, J.              

Myron C. Duhart, P.J.              _____
CONCUR.                                                   JUDGE

                                                        _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.